Ruby Doyle, Respondent, *v.* George P. Clauss, Appellant.

Second Department, March 3, 1920.

Libel — letter to employer charging employee with dishonesty — erroneous charge — qualified privilege of informer — burden on plaintiff to show malice — damages may be recovered on proper proof although communication was qualified privilege.

In an action to recover for an alleged libel contained in a letter wherein the defendant informed the employer of the plaintiff, who was engaged as a ticket agent in a subway in the city of New York, that the plaintiff was dishonest and that the defendant had seen her delay passengers standing in line so that they threw down their money and went into the subway without passing through the turnstile, resulting in a financial gain to the ticket agent, it was error for the court to charge that the questions of privilege claimed by the defendant in his answer or the truth of the libel should not be considered by the jury and that the only question was the amount of damages.

As the facts of the occasion were not in dispute the court should have determined that the occasion was one of qualified privilege which the law extends to a volunteer who informs another person of a crime committed or threatened to be committed against his person or property. The basis of such qualified privilege is public policy and interest on the part of the person giving the information is not essential.

However, such qualified privilege, although it excludes the presumption of malice, does not give the defendant absolute immunity, but merely casts upon the plaintiff the burden of establishing malice, though mere proof of the falsity of the charge is not sufficient.

If the plaintiff establishes malice, then, despite the qualified privilege, damages may be recovered, and even punitive damages as well.

Appeal by the defendant, George P. Clauss, from a judgment of the County Court of the county of Kings in favor of the plaintiff, entered in the office of the clerk of said county on the 13th day of June, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of July, 1919, denying defendant's motion for a new trial made upon the minutes.

*George R. Brennan,* for the appellant.

*Jacob Friedman,* for the respondent.

JENKS, P. J.:

The action is for libel in this letter written and sent by defendant to the master of the plaintiff:

" DEAR SIR.— In May last, I took the liberty to call your attention to a dishonest action on the part of one of your employees, to which your letter of May 23rd came to hand. Although no longer a B. R. T. stockholder, I again take the liberty of calling your attention to an act seen by me this day. I do this from the fact that I employ help myself, and have no use for a thief. To-day at 12:10 P. M., I entered the sub-station at Bowery and Kenmore Street, to come home. When I got downstairs, there was a line of about twelve people awaiting their turn to get to the ticket office. Your ticket agent seemed to do all she could to delay the willing-to-be passengers, with the result that while I was standing in line, four men threw in their nickels and ran downstairs without passing through the turnstile. This, no doubt, was a clear gain of twenty cents in about one minute for your ticket agent. So as there may not be any error as to the agent let me say that this was on the west side of the Bowery. The agent was a rather thin woman. At the same time and while I was in line, a rather stout woman came out of the booth, as if she was going home, after being relieved by the thin woman. This no doubt should enable you to find a way to get this dishonest employee right. In favor of honest employees, I am,

" Yours very truly,
" GEORGE P. CLAUSS."

The defendant joined issue by denials, pleas of privilege, justification and mitigation, and adduced testimony. The learned court at plaintiff's requests and under defendant's exceptions charged " specifically " that the sole question for the jury was the amount of damages and that the questions of privilege or of truth must not be considered. The jury returned a verdict for $2,000, the full amount demanded. The defendant appeals.

I think that the procedure of the trial was wrong and that the exceptions were well taken. The defendant pleaded privilege. As the facts of the occasion were not in dispute, the court should have determined first whether the occasion

was one of qualified privilege. (*Mattice* v. *Wilcox*, 147 N. Y. 624, 636.) In this case I think that the court should have determined that the occasion was one of qualified privilege. And for the reason that the law extends qualified privilege to A (even a volunteer) when he informs B of a crime committed or threatened against his person or his property. In *Andrews* v. *Gardiner* (224 N. Y. 447) CARDOZO, J., for the court says that qualified privilege is " one that attaches to the honest assertion of a right or fulfilment of a duty." Such an act of A is regarded as the discharge of a public or private duty, legal or moral, although one of imperfect obligation. Thus HUNT, J., for the court in *Ohio & Mississippi R. R. Co.* v. *Kasson* (37 N. Y. 224) says: " If I know that a villain intends to defraud or in any way to injure my neighbor, it is doubtless my duty as a good citizen and as a Christian man, to put him on his guard. But there is no rule of law which renders me liable for his loss in case of my neglect of this duty. It is a moral duty simply, not recognized by law." In *Moore* v. *M. N. Bank* (123 N. Y. 424 *et seq.*) ANDREWS, J., for the court says: " The general doctrine of privilege, as applied to actions for libel and slander, is founded upon the reasonable view that in the intercourse between members of society, and in proceedings in legislative bodies and in courts of justice, occasions arise when it becomes necessary or proper that the character and acts of individuals should be considered and made the subject of statement or comment, and that, in the interests of society, a party making disparaging statements in respect to another on such a lawful occasion, should not be subjected to civil responsibility in an action of this character, although such statements were untrue. The law of privilege has been stated by judges in different forms of words, but the comprehensive definition of BLACKBURN, J., in *Davies* v. *Snead* (L. R. [5 Q. B.] 611), as applied to communications between individuals, is especially worthy of notice. ' Where,' says that learned judge, ' a person is so situated that it becomes right in the interests of society that he should tell to a third person certain facts, then if he, *bona fide* and without malice, does tell them, it is a privileged communication.' " (See, too, Odgers Lib. & Sland. [5th ed.] 265; Newell Lib. & Sland. [3d ed.] 601, 602; Addison Torts [6th ed.], § 171; Townshend Sland. & Lib.

[4th ed.] 297, 396.)   Information of a crime committed or threatened need not be confined to officers of justice.   The purpose of such communication to the officer of justice is that he may apprehend the criminal or prevent the crime and incidentally restore goods to the rightful owner.   Such communication addressed to him who has suffered from the crime or is threatened by it, may make to the same end.   In *Padmore* v. *Lawrence* (11 Ad. & El. 380), a leading case often cited (*e. g.*, *Klinck* v. *Colby*, 46 N. Y. 434), COLERIDGE, J., says: " It is argued that the charge ought to be true, or ought to be made only before an officer of justice.   But the exigencies of society could never permit such a restriction."   (See, too, *Grimes* v. *Coyle*, 6 B. Mon. [Ky.] 301, 305; *Morton* v. *Knipe*, 128 App. Div. 94; *Eames* v. *Whittaker*, 123 Mass. 342; *Smith* v. *Armstrong*, 26 U. C. Q. B. 57.)

The basis of such qualified privilege is public policy (*Bacon* v. *Mich. Cent. R. R. Co.*, 66 Mich. 166; *Klinck* v. *Colby*, 46 N. Y. 436) which holds that such a course is in the discharge of a public duty, devolved upon every member of society, lest the community should be an Alsatia or one in which the King's writ does not run.   " The well-being of each rises and falls with the well-being of all."   (Spencer, Data of Ethics, 241.) " Interest " is not essential to this kind of qualified privilege. " Interest " must exist only when the communication relates to the conduct of one's own affairs and is thus expressly limited in the approved definitions.   (See *White* v. *Nicholls*, 3 How. [U. S.] 266; *Toogood* v. *Spyring*, 1 Cromp. M. & R. Exch. 181; *Davies* v. *Snead*, L. R. [5 Q. B.] 611; of which the first two are authorities cited for the definition given in *Klinck* v. *Colby*, *supra*, which CULLEN, Ch. J., in *Ashcroft* v. *Hammond*, 197 N. Y. 488, 494, says is constantly reiterated.)   " Interest " is required in order to shut what is termed, in *Byam* v. *Collins* (111 N. Y. 151), " the flood-gates of injurious gossip and defamation."   But information of a crime or of an attempt thereat is in the discharge of a public duty, not in the concern of one's own affairs.   Even in the discharge of the social duty of giving character to a servant, there is no " interest " peculiar to the informer.

But before the defendant can raise the shield of qualified privilege, the proof must satisfy the jury that *he* (but not

judged by the standard of the reasonable man in like circumstance) acted under a sense of duty with an honest belief that the statements which he made were true. (Odgers Lib. & Sland. [5th ed.] 352, 353.) Qualified privilege does not afford absolute immunity. It excludes the presumption of malice. (*Andrews* v. *Gardiner, supra.*) In *Capital & Counties Bank* v. *Henty & Sons* (L. R. 7 App. Cas. 741) Lord BLACKBURN says (p. 787): " If the occasion is such that there was either a duty, though, perhaps, only of imperfect obligation, or a right to make the publication, it is said that the occasion rebuts the presumption of malice, but that malice may be proved; or I should prefer to say that he is not answerable for it, so long as he is acting in compliance with that duty or exercising that right; and the burthen of proof is on those who allege that he was not so acting." The burden is upon the plaintiff to establish malice. Mere proof of the falsity of the charge is not sufficient. (*Ashcroft* v. *Hammond*, 197 N. Y. 496; *Mattice* v. *Wilcox, supra.*) On the other hand, the plaintiff is not restricted to evidence extrinsic to the alleged libelous communication, if the verbiage thereof is " extravagant " and " vituperative." (*Ashcroft* v. *Hammond, supra.*) Plain words, however, carry no penalty. (*Klinck* v. *Colby, supra;* Newell Sland. & Lib. [3d ed.] 576, 601.)

If the plaintiff establishes malice, then, despite the qualified privilege, damages may be recovered, and even punitive damages as well. (*Crane* v. *Bennett*, 177 N. Y. 106, 116.)

I advise that the judgment and order of the County Court of Kings county be reversed and a new trial be ordered, with costs to abide the event.

RICH, PUTNAM, BLACKMAR and JAYCOX, JJ., concur.

Judgment and order of the County Court of Kings county reversed and new trial ordered, with costs to abide the event.