■ WILLIAM M. BUCKLEY, Respondent, v ROBERT B. LITMAN, Appellant. — Appeal from an order of the Supreme Court at Special Term (Quinn, J.), entered December 18, 1980 in St. Lawrence County, which denied defendant's motion for summary judgment. Plaintiff, a registered physician's assistant, was employed by defendant, a medical doctor, from July 1, 1978 until September 8, 1978. Suspecting that plaintiff had engaged in the unauthorized removal of clinical records from his offices, defendant conducted a unilateral investigation in an attempt to discover the whereabouts of the missing records, but

apparently never confronted or accused plaintiff. After plaintiff left his employ, defendant wrote to Dr. William Sipple, the assistant executive secretary of the Physician's Assistant Licensure Board, accusing plaintiff of stealing the records. He also sent a copy of the letter to Dr. Mark Chalom, the only other family practitioner in the vicinity, who had supervised plaintiff during the month of August, 1978 when defendant was unavailable. Defendant had been informed that plaintiff and Dr. Chalom were contemplating a working relationship, and, in fact, plaintiff began working under Dr. Chalom's supervision shortly after the letter was sent. Dr. Chalom received and read the letter. A copy of the letter was also sent to the Sheriff, but it was returned unopened. In this libel action, defendant asserted as affirmative defenses the existence of an absolute privilege with respect to the letter sent to Dr. Sipple and a qualified privilege with respect to the copy sent to Dr. Chalom. Special Term denied defendant's motion for summary judgment and this appeal ensued. Initially, we find no need to reach the question of whether the letter to Dr. Sipple was protected by an absolute rather than a qualified privilege. A communication to a privileged as well an an unprivileged recipient is not privileged (*Bingham v Gaynor,* 203 NY 27, 32), and defendant does not contend that an absolute privilege existed with respect to Dr. Chalom, to whom a copy of the letter to Dr. Sipple was sent. In our view, the only issue to be addressed is whether the defamatory communication to Dr. Chalom was subject to a qualified privilege. Extension of that privilege to the *unsolicited* furnishing to prospective employers of material which is libelous per se does not advance the policy which permits unhindered communication made pursuant to a moral duty and a mutual interest in the subject of the communication (see Prosser, Torts [4th ed], § 115, pp 788-789), but operates instead to confer a license to defame. If unsolicited statements of this nature may, with impunity, be made to all *potential* employers, they might just as well be published in the mass media for the social or moral duty involved is no less compelling. The duty giving rise to a qualified privilege arises out of the inquiry by the prospective employer, not out of mere voluntary impulse. Order affirmed, with costs. Sweeney, Yesawich, Jr., and Herlihy, JJ., concur.

Mahoney, P. J., and Casey, J., dissent and vote to reverse in the following memorandum by Casey, J. Casey, J. (dissenting). In our view, the mere fact that defendant's communication to plaintiff's prospective employer was unsolicited does not destroy the qualified privilege. Such a privilege arises where a person makes a bona fide communication upon a subject in which he has an interest or in connection with which he has a legal, moral or social duty to speak, and the communication is made to a person having a corresponding interest or duty (*Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56, 60). This is not a case where the defendant's communication was made to the general public. Rather, it was limited to the only other family practitioner in the vicinity, with whom plaintiff was about to become associated after leaving his employment with defendant. The communication concerned plaintiff's unauthorized removal of patients' records, a subject in which both defendant, as the former employer, and Dr. Chalom, as the prospective employer, had an interest. "A qualified privilege exists for the purpose of permitting a prior employer to give a prospective employer honest information as to the character of a former employee even though such information may prove ultimately to be inaccurate" (*De Sapio v Kohlmeyer,* 52 AD2d 780, 781; see, also, *Konowitz v Archway School,* 65 AD2d 752). Accordingly, we are of the view that the communication was protected by a qualified privilege, and the fact that defendant was acting as a volunteer will not, in and of itself, defeat the privilege (*Doyle v Clauss,* 190 App Div 838; see, also, *Commonwealth Motor Parts v Bank of Nova Scotia,* 44 AD2d 375). Similarly, the communication to

the agency responsible for supervising plaintiff's profession was also privileged. Since plaintiff has not met his burden of showing by evidentiary facts, rather than conclusions based upon surmise, conjecture and suspicion, that in making the statement defendant abused the privilege by acting with actual malice motivated by ill will, spite or hostility, defendant's motion for summary judgment should have been granted (*Shapiro v Health Ins. Plan of Greater N. Y., supra*).