GOFF *v.* RANDALL.

In Banc. April 11, 1949.

(39 So. (2d) 881)

Jason H. Floyd, for appellant.

Ebb J. Ford, Jr., for appellee.

**McGehee, C. J.**

The trial court sustained a demurrer to the declaration filed by the plaintiff, Otis Goff, in a suit for damages suffered when he received an injury to his eye while employed by and working for the defendant, J. N. Randall, a building contractor. He appeals from the judgment which dismissed his suit upon his failure to plead further therein.

The declaration charges in substance that when the plaintiff began work on an inside painting job he requested that he be furnished a ladder for use in painting the walls and ceilings of rooms; that the defendant stated that he had no ladder available and that the plaintiff should "make out the best way he could" without one at that time; that the plaintiff thereupon constructed a makeshift scaffold from the only material available on the premises, consisting of a board nailed on top of two 2 x 6 inch blocks, which would extend only about seven inches from the floor; that this was an unsatisfactory appliance in that it did not elevate the workman to a point where he could reach and paint the low ceiling without standing in a strained position immediately beneath his brush where any falling bits of paint therefrom could fall in his upturned face and eyes.

It is further alleged that prior to the injury to plaintiff's eye thus received, he called to the attention of his said employer the unsatisfactory scaffold that he was having to use, and was told to continue his work and that a ladder would be provided for his use; but that the defendant never furnished the ladder or any additional material for the construction of a proper scaffold. In this connection, it should be noted that the accident was not caused by a defective or insubstantial appliance constructed by the employee, but the allegation is that it was unsuitable and that the employee was directed to continue using it in disregard of his repeated request for a ladder.

A workman assumes the usual and ordinary risks incident to his employment, after the master has exercised reasonable care to furnish reasonably safe methods and appliances for doing the work. Whether a building contractor is under a duty to furnish a ladder to a painter who is working by the day or by the hour for him may depend upon the circumstances and understanding of the parties to be developed at the trial on the merits. The theory of the declaration in the instant case is that the employer owed his employee such a duty, although there is no specific allegation to that effect. In the case of F. W. Woolworth Company v. Freeman, 193 Miss. 838, 11 So. (2d) 447, it was held that it is the duty of the employer to furnish a ladder for the use of an employee in reaching merchandise on shelves which were otherwise out of reach. We think that while the factual situation in that case varies in detail from that here involved, the principle there announced is sufficiently applicable in the instant case to render the declaration good as against a demurrer. We have not been able to find anything in the authorities relied upon by the appellee which would warrant the sustaining of the demurrer unless what was held in the case above cited should be overruled. Moreover, if this is left in doubt, the case should be developed under all the facts upon a trial of the issue involved. Compare the two equity cases of Douglass v. Temple, 180 Miss. 1, 176 So. 598, where the Court was of the opinion that justice would probably be promoted by a determination of the ultimate right of the parties under an answer and proof in the exercise of fair legal discretion, though the grounds of demurrer might be technically sustainable, and Taylor et al. v. Twiner et al., 193 Miss. 410, 9 So. (2d) 644, 645, where the Court held that if a demurrer raises merely a doubtful question or where the case is such that justice may be promoted by a trial on the merits, the Court should exercise a fair, judicial discretion to that end, although it may be that in technical points the grounds of demurrer are sustainable

under strict law. Then, too, under Section 1464, Code of 1942, it is provided among other things that if a declaration at law "contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient; . . ."

Reversed and remanded.