JACOBS *v.* BODIE, et al.

In Banc. April 10, 1950.

No. 37452 (45 So. (2d) 587)

**J. B. Mayfield,** for appellant.

**Morse & Morse,** for appellees.

**Smith, J.**

This is a mandamus case. Sections 1109 et seq., Title 9, Chapter 1, Code 1942.

Appellant, according to the allegations of his petition, which must be taken as true on the general demurrer thereto, claimed that McNeill Consolidated School District owed him a balance of $5,197.39, under a contract to build an auditorium for $36,275, which he completed and on which he had been paid the sum of $31,077.61. It is further alleged that after his bid had been accepted by the trustees of the school, appellant complied with Sections 9014, 9015, and 9016, Code 1942.

Appellant alleges that he constructed the auditorium according to the plans and specifications thereof, and during such construction, as the work progressed the trustees made allowances and issued "Trustee Orders". The declaration charges that all of the trustees, except one, now refuse to issue a "Trustee Order" for this balance of $5,197.39, past due and owing, and that there were sufficient funds in the proper fund to pay the same. It is declared that the procedure was for the trustees of the School District to sign orders to the County Superintendent of Education, who would issue a certificate to the chancery clerk, which official then would issue appellant a warrant for the amount thereof, it being authority for the depository to pay the same. Appellant further avers that if the trustees would issue the "Trustees' Order", then the other successive steps would be taken as a matter of routine, and he would receive the amount due him, but without such order neither of the other two officials, nor the depository could act.

Full payment has been made for all labor and materials used in the construction of the auditorium, but, it is alleged that the said trustees, except one, "have and now arbitrarily refuse to do anything further and refuse to perform their official duty and refuse to sign and execute a trustees' order for the sum of $5,197.39, or any other sum, in payment to your petitioner, which said sum is due and past due, all of which it is the duty of the Said Trustees, the defendants named herein, so to do by virtue of the fact that they are the duly elected, qualified and acting trustees of said School District and it is encumbent upon them in accordance with the allegations herein contained."

The prayer of the petition is, in effect, that a writ of mandamus be granted to compel the trustees to issue a "Trustee Order" as described, supra. We are not all in harmony on the issues thus presented. Two of the judges, including the author of this opinion, are doubtful of appellant's right to the writ, on the view that the

issuing of such "Trustee Order" is a judicial and not a ministerial act, since the claim therefor would require checking and auditing thereof, and involve discretion. Alex .Loeb, Inc., . v. Board of Trustees, Pearl River Junior College, 171 Miss. 467, 158 So. 333. Therefore, mandamus would not lie.

However, the majority of the judges are of the opinion that, under the allegations of the petition, it requires the performance of a mere ministerial act, since the total cost price of the contract is set forth together with the sum of all payments, and that a simple mathematical process of subtraction, definite and certain, demonstrates perfectly the amount due, and hence involves no judicial attributes or the exercise of any discretion. It is not necessary to cite authorities to the effect that mandamus is the proper remedy to compel "any inferior tribunal, corporation, board, officer, or person to do or not to do an act the performance or omission of which the law specially enjoins as a duty resulting from an office, trust, or station", et cetera. Section 1109, Code 1942. It is the view of the majority of the Court that the declaration sets out substantial facts sufficiently to justify their conclusion that the act sought to be required of the trustees is a ministerial one, since all of such allegations are admitted by the general demurrer, and since in the opinion of the majority, the Loeb case does not deal with an unperformed ministerial act, and, hence, is not controlling here. Therefore, mandamus will lie.

The lower court sustained the general demurrer, and, upon appellant declining to plead further, his petition was dismissed, and he appealed. This action of the trial judge in sustaining the demurrer was error, requiring reversal of the judgment and remand for trial on the petition, answer, and proof on the merits of the case.

The two judges, not in perfect accord with the views of the majority of the court, notwithstanding, do not press their position to the point of dissent. ▉▉ ▉ In this case, it is better that it be tried on the merits rather than

terminated on a demurrer, in view of Douglas v. Temple, 180 Miss. 1, 176 So. 598, wherein we said: ''An examination of the record discloses a situation in respect to which 'justice will probably be promoted by a determination of the ultimate rights of the parties only on answer and proof' and wherein the 'court ought to exercise a fair judicial discretion to that end, although it may be that in technical point, the grounds of the demurrer are sustainable in strict law.' Federal Land Bank v. Fidelity & Deposit Company, 165 Miss. 715, 720, 721, 147 So. 917, 918.''

Furthermore, in view of this lack of complete unanimity among the judges of this Court, we refer to the case, on this point, of Goff v. Randall, 206 Miss. 178, 39 So. (2d) 881, citing Taylor v. Twiner, 193 Miss. 410, 9 So. (2d) 644, 645. In both the Goff and Taylor cases we held that if a demurrer to a declaration raise merely a doubtful question, or case is such that justice may be promoted by trial on the merits, trial court should exercise a fair, judicial discretion to that end, although it may be that in technical points the grounds of the demurrer are sustainable under strict law. Code 1942, Section 1464.

The judgment of the trial court is reversed for error in sustaining the general demurrer and dismissing the petition of appellant, and the case is remanded for trial on petition, answer and proof.

Reversed and remanded.