326 So.2d 471 (1976)
Frances Naomi DEATON, a minor, by Orbie Deaton, father and next friend
v.
DELTA DEMOCRAT PUBLISHING COMPANY.
Doris Louise DEATON, a minor, by Orbie Deaton, father and next friend
v.
DELTA DEMOCRAT PUBLISHING COMPANY.
Elizabeth Jane DEATON, a minor, by Orbie Deaton, father and next friend
v.
DELTA DEMOCRAT PUBLISHING COMPANY.
Mark Wayne DEATON, a minor, by Orbie Deaton, father and next friend
v.
DELTA DEMOCRAT PUBLISHING COMPANY.
No. 48481.
Supreme Court of Mississippi.
February 3, 1976.
*472 Orlansky, Miller & Dean, Greenville, for appellants.
Campbell, DeLong, Keady, Robertson & Hagwood, Greenville, for appellee.
Before GILLESPIE, WALKER and BROOM, JJ.
BROOM, Justice:
Unwarranted invasion of their right of privacy was the thesis upon which appellants Deaton (four minor children by their father as next friend) sought damages from appellee, Delta Democrat Publishing Company (the Democrat), in the Circuit Court of Washington County. At trial the suits were consolidated.
For purposes of this appeal, the following allegations contained in the declarations are assumed as facts. The Democrat published a story describing the children as "retarded" and "trainable mentally retarded" in its newspaper featuring a public school special education class for mentally retarded children. Photographs and names identifying the Deaton children as members of the class were made part of the story. The Deatons' declarations also alleged that obtaining the photographs and publishing the story were "done by intentional design" of the Democrat without regard to the rights of privacy of the children and in violation of their "right to the pursuit of happiness."
The Democrat demurred to the appellants' declarations, contending that no cause of action was stated relying upon the First and Fourteenth Amendments to the United States Constitution, and also relying *473 upon Article III, section 13 of the Constitution of the State of Mississippi. Failure of the Deatons to allege in their declarations that the publication "was made by one who had knowledge of its falsity, or with reckless disregard for the truth, or maliciously," according to the demurrer, rendered the publication privileged under the constitutional provisions cited. From judgments sustaining the demurrer the Deatons appealed. We reverse.
Mississippi has by implication judicially recognized the common law right to privacy. Martin v. Dorton, 210 Miss. 668, 50 So.2d 391 (1951). Although the law of privacy has developed along divergent lines and amid a welter of confusing judicial pronouncements, four distinct theories of the cause of action have been generally recognized: (1) The intentional intrusion upon the solitude or seclusion of another; (2) the appropriation of another's identity for an unpermitted use; (3) the public disclosure of private facts; and (4) holding another to the public eye in a false light. W. Prosser, Handbook of the Law on Torts § 117 at 804-14 (4th ed. 1971); Restatement of Torts, 2d, § 652A (Tentative Draft No. 21, 1975).
Mississippi Code Annotated section 11-7-35 (1972) provides that declarations shall contain a statement of facts in "ordinary and concise language ... and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient." The section concludes that an objection to maintain an action shall not be based upon "the form thereof... ." In our jurisprudence it is the rule that where a demurrer to a declaration raises merely a doubtful question, or where the case is such that justice may be promoted by a trial on the merits, even though the demurrer might be technically sustainable, it must be overruled. Jacobs v. Bodie, 208 Miss. 779, 45 So.2d 587 (1950); Goff v. Randall, 206 Miss. 178, 39 So.2d 881 (1949). We also adhere to the rule that facts which are reasonably or necessarily implied from facts stated must on demurrer be considered as true, and when such facts together with express averments, furnish sufficient material of substance for courts to proceed on the merits the demurrer should not be sustained. Ross v. L. & N.R.R., 178 Miss. 69, 172 So. 752 (1937). Although the declarations in question may possibly be subject to technical criticism, under our statute (§ 11-7-35) and jurisprudence, they sufficiently state a cause of action upon which the trial court should have heard proof.
This case is not controlled by Cox Broadcasting Corporation v. Cohn, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975), in which the Supreme Court of the United States held that the state may not "impose sanctions on the accurate publication of the name of a rape victim obtained from public records" (court records open to public inspection). In the case before us the facts are opposite to Cox in that the information published was not taken from public records, but was by state law made unavailable to the public (Miss. Code Ann. § 37-15-3 (Supp. 1975)). Our holding here is not in conflict with section 652 of Tentative Draft No. 13 of the Second Restatement of Torts which states that there is no liability when the defendant merely publicizes something about someone else which is already public or constitutes matters of public concern.
There is not presented here a case involving a celebrity, public official, or public figure. It is well established that factual reporting of "newsworthy persons and events is in the public interest and is protected." Time v. Hill, 385 U.S. 374, 87 S.Ct. 534, 17 L.Ed.2d 456 (1967). Hill held that in the absence of proof that the defendant published the report with knowledge of its falsity or in reckless disregard of the truth, liability generally cannot be exacted against a publisher. See also, New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, 95 A.L. *474 R.2d 1412 (1964). However, Hill, a New York case, was based at least in part upon a state statute (limited in nature) which allowed invasion of privacy actions only under narrow circumstances. New York jurisprudence apparently does not recognize the common law right of privacy action.
The Democrat relies upon Cantrell v. Forest City Publishing Company, 419 U.S. 245, 95 S.Ct. 465, 42 L.Ed.2d 419 (1974) as authority for its assertion that the declarations were demurrable for failure to allege actual malice on the part of the Democrat or that it made its publication with knowledge of falsity of the publication or in reckless disregard for the truth. It is also noted that this is not a libel suit brought by a public official as was true in New York Times Company v. Sullivan, supra.
Cantrell has significant similarity to the instant case: (1) It is a right of privacy action; (2) no "actual malice," as that term is used by appellee, was present or proved; and (3) the publication dealt with a subject of legitimate public interest and concern, but also with private persons who were only incidentally a part of the subject matter. The opinion in Cantrell makes it clear that the court was not holding that any kind of malice, or knowledge of falsity or reckless disregard for truth had to be proved in an invasion of privacy case:
The District Judge in the case before us, in contrast with the trial judge in Time, Inc. v. Hill, did instruct the jury that liability could be imposed only if it concluded that the false statements in the Sunday Magazine feature article on the Cantrells had been made with knowledge of their falsity or in the reckless disregard of the truth. No objection was made by any of the parties to this knowing-or-reckless-falsehood instruction. ... (Cantrell v. Forest City Publishing Co., supra, at 95 S.Ct. 469) (emphasis supplied).
From Cantrell we perceive that the Supreme Court of the United States has not adopted the view that there is absolute constitutional immunity from liability for a newspaper in a case of the type here presented. We find no case (and none was cited by briefs except Hill, supra, which involved a state statute not present here) in which that Court ever said that any kind of malice, knowledge of falsity, or reckless disregard of truth is an essential element in such cases. We do not say, however, that inclusion of such in a plaintiff's declaration would be contrary to principles of good pleading. The fact that a public school offers instruction and assistance to mentally retarded children is a matter of legitimate public interest and may be published under free press guarantees. However, the publication of the names and photographs of the children involved casts the issue into a different legal perspective. It is difficult to conceive that any information can be more delicate or private in nature than the fact that a child has limited mental capabilities or is in any sense mentally retarded. Simply enrolling in a public school does not make one a "public figure" or "personage" to the extent that such person has no right to privacy concerning his mental capabilities or lack of such. Reasonable limitations applied to the right of a free press to expose facts of private concern to individuals do not infringe on the right of the people to be informed of matters properly in the public domain. Virgil v. Time, Inc., 527 F.2d 1122 (CA 9 1975).
We recognize that the First Amendment protections relied upon by the Democrat were properly intended to afford this nation and all its citizens the immeasurable benefits which flow from a free and unstifled press. At the same time, to hold that children, situated as were the Deatons, may be publicized, without parental consent, by names and photographs as "mentally retarded" with absolute immunity would run counter to their right to "the pursuit of happiness" as contemplated by those who founded our nation.
*475 Our judgment is that the declarations sufficiently charged a tort, and therefore the judgments of the lower court sustaining the demurrers are reversed and the cause remanded for development of proof.
The case was considered by a conference of the Judges en banc.
Reversed and remanded.
GILLESPIE, C.J., RODGERS, P.J., and PATTERSON, INZER, SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.