■    ELAINE KONOWITZ, Respondent, v ARCHWAY SCHOOL INC., Appellant. —In a libel action, defendant appeals from an order of the Supreme Court, Kings County, dated May 4, 1978, which denied its motion for a summary judgment. Order affirmed, with $50 costs and disbursements. The plaintiff is a teacher who was referred to the defendant school for employment by the Nassau Teachers' Registry. After several months of employment as a teaching assistant, the plaintiff was discharged. The plaintiff alleges that she was informed that she was terminated for budgetary reasons. The record contains a letter from the curriculum director of the defendant which describes the plaintiff as "capable, cooperative and dedicated to her work" and states that she was "particularly successful with our primary group". Subsequent to her discharge, the Nassau Teachers' Registry wrote to the defendant requesting that it provide the "reason for her dismissal (if any) and her approximate earnings." The letter was returned in the provided self-addressed envelope, with the notation that "Miss Konowitz was let go because she was not effective enough with the difficult children". Complaining that this written statement was libelous, the plaintiff commenced the instant action for damages. The defendant interposed an answer which contained the affirmative defense of qualified privilege and moved for summary judgment. The defendant appeals from the denial of said motion. Generally, "A qualified privilege exists for the purpose of permitting a prior employer to give a prospective employer honest information as to the character of a former employee even though such information may prove ultimately to be inaccurate" *(De Sapio v Kohlmeyer,* 52 AD2d 780, 781).

There is nothing in the present record which militates against applying the general rule in this case. However, the existence of a qualified privilege is not an absolute defense and will not insulate a defendant against a showing of malice. In addition to personal spite or ill will, actual malice may be proved by a showing of such culpable recklessness or gross negligence as constitutes a wanton disregard of the rights of others (Kent v City of Buffalo, 36 AD2d 85, 87, revd on other grounds 29 NY2d 818; Pecue v West, 233 NY 316, 322). In this context, the discrepancy between the allegedly libelous statement and the reason given to the plaintiff for her discharge, is sufficient to raise a triable question of fact on the issue of malice. The suspicious nature of the challenged statement is emphasized by the plaintiff's allegation that the statement was made by a person who had never personally observed her work. We need not consider whether, after a trial, the question must be submitted to a jury (see Stukuls v State of New York, 42 NY2d 272). Here, the real possibility of malice is sufficient to defeat the application of the drastic remedy of summary judgment (cf. Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439). Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.