PATTERSON, Chief Justice, for the court:
The Employers Insurance of Wausau appeals from an order of the Chancery Court of Newton County sustaining a general demurrer to its bill of complaint. Wausau sought specific performance of a provision of an insurance contract authorizing inspection of Weems’ business records to determine the premium to be paid for workmen’s compensation coverage. We find the bill states a cause of action and reverse and remand for further proceedings.
The parties drafted their contract to peg the premium charged to the potential liability of Weems to “employees” within the meaning of the Workmen’s Compensation Law. Weems in the course of his business dealt with pulp haulers, a class of laborers whose status, whether as “employees” or “independent contractors,” depends on a number of factors, not limited to the payroll, .under our decisions, see Brown v. L. A. Penn & Son, 227 So.2d 470 (Miss.1969); Brown v. E. L. Bruce Co., 253 Miss. 1, 175 So.2d 151(5) (1965); Boyd v. Crosby Lbr. & Mfg. Co., 250 Miss. 433, 166 So.2d 106 (1964). The parties included the following provision in their contract to facilitate ready review of those factors bearing upon the extent of potential liability and hence upon the proper premium to be charged:
The company . . . shall . be permitted to examine . . . the insured’s payroll records, general ledger, disbursements, vouchers, contracts, tax reports and all other books, documents and records of any . . . kind at any reasonable time during the policy period . as far as they . . . tend to show . . . the amount of remuneration or other premium basis, or relate to the subject matter of this insurance.
Wausau, appending to its bill the contract containing this provision, alleged that Weems refused it access to any business records other than the payroll, and that the law courts provided no plain, adequate, speedy and efficient remedy, because only further inspection could reveal the premium to be charged for the policy coverage. In sustaining Weems’ general demurrer, the chancellor viewed the bill as a request for an objectless “fishing expedition” into private aspects of Weems’ business having no relation to insurance coverage. He reasoned, erroneously, that “workmen’s compensation insurance ... is based solely on the payroll. . . . ”
A general demurrer simply tests the legal sufficiency of facts well pleaded and taken as true on the face of the bill of complaint. Griffith, Mississippi Chancery Practice (2d Ed. 1950), § 291 at 275. Here, we have expansive rights of inspection *481 granted by a private contract of insurance appended to a bill plainly alleging that Weems blocked inspection. We do not find the contract unconscionable, nor unreasonable in view of the uncertainty of Wausau’s potential liability to third party claimants under the Workmen’s Compensation Law. The parties’ agreed method of calculating the premium to be charged by Wausau for coverage of the pulp haulers dealing with Weems also appears reasonable as it relates the premium charged to the carrier’s exposure to compensation awards. We are of the opinion that the bill stated a cause of action sufficient to withstand the general demurrer.
REVERSED AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.