JOHN CALVIN COLSON, PH.D., Plaintiff-Appellant, *v.* LEWIS STIEG, Defendant-Appellee.

Second District   No. 79-190

Opinion filed July 25, 1980.

John Calvin Colson, of Sycamore, and Carole R. Bellows, of Reuben & Proctor, of Chicago, for appellant.

Jack D. Ward, of Reno, Zahm, Folgate, Skolrood, Lindberg & Powell, and Robert K. Skolrood, both of Rockford, and John J. Templin, of DeKalb, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Plaintiff appeals from an order of the trial court granting defendant's motion to dismiss plaintiff's amended complaint.

The defendant urged three grounds as bases for his motion to dismiss: First, under the innocent construction rule, two alleged defamatory statements were nonactionable as a matter of law; second, the statements were privileged; and third, the complaint failed properly to allege actual malice in that it failed to allege sufficient facts to support such a claim.

Plaintiff was an associate professor in the department of library sciences at Northern Illinois University who sought tenure and promotion. The suit arose as a result of statements allegedly made by the defendant, the department chairman, at meetings of the department of library science personnel committee held for the purpose of evaluating

plaintiff's performance and for recommendation regarding his tenure and promotion. The amended complaint charged that at a meeting on October 3, 1977, defendant allegedly stated:

"I have information I cannot divulge which reflects adversely on John's performance as a teacher" (hereinafter referred to as statement 1).

It also charged that at a subsequent meeting on April 4, 1978, the defendant allegedly stated:

"I have counseled John many times about his teaching and the documents which would prove the counseling are missing from the department files under suspicious circumstances" (hereinafter referred to as statement 2).

■■ Plaintiff contends that these statements are slànderous *per se* since statement 1 imputes to plaintiff an inability to perform the duties of his office or employment and statement 2 imputes to plaintiff the commission of a crime. It is, of course, well established that classes of words are held to be libelous *per se* or slanderous *per se* if they impute the commission of a criminal offense or the inability to perform or want of integrity in the discharge of duties of office or employment. (*Catalano v. Pechous* (1978), 69 Ill. App. 3d 797, 805.) If the words are slanderous *per se*, damages are presumed; if not, slanderous words are generally actionable only upon a proper averment of special damages. *Catalano v. Pechous* (1978), 69 Ill. App. 3d 797, 805.

Defendant asserts, however, that the application of the innocent construction rule to the statements in question would require a finding that they are not actionable as a matter of law.

The innocent construction rule applicable in defamation cases, which was enunciated by our supreme court in *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 442, *cert. denied* (1962), 371 U.S. 877, 9 L. Ed. 2d 114, 83 S. Ct. 148, states that offending language "is to be read as a whole and the words given their natural and obvious meaning, and requires that words allegedly libelous that are capable of being read innocently must be so read and declared nonactionable as a matter of law." This rule requires that the meaning of a statement be gathered not only from words singled out as libelous but also from the context in which they are used. (*Sloan v. Hatton* (1978), 66 Ill. App. 3d 41, 43; *Valentine v. North American Company for Life & Health Insurance* (1973), 16 Ill. App. 3d 277, 280, *aff'd* (1974), 60 Ill. 2d 168.) The surrounding circumstances and the events that led to the utterance must be examined very closely and the words judged accordingly. (*Sloan v. Hatton* (1978), 66 Ill. App. 3d 41, 43; *Stanley v. Taylor* (1972), 4 Ill. App. 3d 98, 104-05, *cert. denied* (1972), 409 U.S. 983, 34 L. Ed. 2d 247, 93 S. Ct. 321.) If the alleged defamatory matter is ambiguous or if the words are reasonably susceptible of an innocent

meaning, then they will be given an innocent construction, and the rule applies to slander as well as libel. (*Moricoli v. Schwartz* (1977), 46 Ill. App. 3d 481, 483; *Roemer v. Zurich Insurance Co.* (1975), 25 Ill. App. 3d 606, 611.) Whether language is susceptible of an innocent construction is a question of law for the court to determine (*Valentine v. North American Co.* (1974), 60 Ill. 2d 168, 171; *Anderson v. Matz* (1978), 67 Ill. App. 3d 175, 178; *Moricoli v. Schwartz* (1977), 46 Ill. App. 3d 481, 483) by reading the language " 'stripped of innuendo.' " *Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 348.

■■ Defendant first asserts that application of the innocent-construction rule discloses that the alleged statements were simply opinions of a department chairman concerning the performance of a candidate for tenure and are therefore nonactionable. In support of this position, he relies upon precedent established in *Byars v. Kolodziej* (1977), 48 Ill. App. 3d 1015, and *Johnson v. Board of Junior College District No. 508* (1975), 31 Ill. App. 3d 270. In those cases the court applied the innocent construction rule and found that the statements were expressions of opinions or belief and not defamatory as a matter of law. In *Byars*, the court stated:

"It cannot be said that every expression of opinion touching on a person's capabilities or qualifications constitutes a defamation no matter how much the complained of statement may injure the subject person in his own conception." 48 Ill. App. 3d 1015, 1017.

Thus, it is clear that the law of defamation does not provide redress for every expression of opinion touching on an individual's competence or ability. (*Anderson v. Matz* (1978), 67 Ill. App. 3d 175, 178; *Byars v. Kolodziej*.) It is also recognized that an individual cannot be sued simply for expressing his opinion of another person, however unreasonable the opinion or vituperous the expressing of it might be. *Catalano v. Pechous* (1978), 69 Ill. App. 3d 797, 808; *Hotchner v. Castillo-Puche* (2d Cir. 1977), 551 F.2d 910, 913, *cert. denied* (1977), 434 U.S. 834, 54 L. Ed. 2d 95, 98 S. Ct. 120; see *Von Solbrig Memorial Hospital v. Licata* (1973), 15 Ill. App. 3d 1025, 1031.

Applying these principles of the innocent construction rule to the statements in question, we first conclude that the statements are factual expressions and not beliefs or opinions.

We do hold, however, that statement 2 is nonactionable as a matter of law and the trial court did not err in dismissing that portion of the amended complaint. The first portion of statement 2 pertaining to the defendant's counseling of plaintiff is clearly innocent. That portion of the statement concerning documents missing under suspicious circumstances, when given its natural and obvious meaning, could likewise receive an innocent construction. The word "missing" is susceptible of many

meanings, including "not present," "not able to be found," and "absent without explanation." (Webster's Third New International Dictionary 1445 (1961).) To import theft requires speculation and innuendo. Such an importation does not appear valid in view of the innocent construction which the words must be given. Moreover, it does not seem reasonable that the words, in and of themselves, posed any serious threat to plaintiff's reputation. *Delis v. Sepsis* (1972), 9 Ill. App. 3d 217, 221-22.

■■ No such innocent meaning can be read into statement 1. Stripped of all innuendo, it was a plain statement made by the defendant department chairman to the personnel committee that he was in possession of material not before the committee which would tend to prove the plaintiff to be incompetent as a teacher. The representation that the speaker has undisclosed, firsthand knowledge which supports his statement can be as damaging as the disclosure of the unspoken matter. (*Cf. Hotchner v. Castillo-Puche* (2d Cir. 1977), 551 F.2d 910, 913, *cert. denied* (1977), 434 U.S. 834, 54 L. Ed. 2d 95, 98 S. Ct. 120; see also *Catalano v. Pechous* (1978), 69 Ill. App. 3d 797, 808.) We determine that the words, if false as plaintiff in his complaint alleges them to be, are slander *per se* for they directly tend to prejudice or impugn the plaintiff in the performance of his professional duties. *Cooper v. Rockford Newspapers, Inc.* (1977), 50 Ill. App. 3d 247, 248; *Korbar v. Hite* (1976), 43 Ill. App. 3d 636, 639, *cert. denied* (1977), 434 U.S. 837, 54 L. Ed. 2d 98, 98 S. Ct. 127; *Valentine v. North American Company for Life & Health Insurance* (1973), 16 Ill. App. 3d 277, 280, *aff'd* (1974), 60 Ill. 2d 168.

Plaintiff does not contest that defendant, a department chairman, was exercising a qualified privilege in making the statement concerning plaintiff to members of the personnel committee. While the existence of a qualified privilege is a defense in an action for slander, it is well established that a qualified privilege loses its character as such upon proof of actual malice. (*Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 349; *Welch v. Chicago Tribune Co.* (1975), 34 Ill. App. 3d 1046, 1052.) Even though the statement is slander *per se*, the qualified privilege places the burden of alleging and proving actual malice on the plaintiff. *Welch v. Chicago Tribune*; see *Lulay v. Peoria Journal-Star, Inc.* (1966), 34 Ill. 2d 112, 115.

■■ The defendant may be liable, however, if this privilege is abused, and such abuse occurs if the defendant did not believe the truth of the defamatory matter or had no reasonable grounds for believing it to be true. (*Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 350.) In his amended complaint, plaintiff does allege that defendant made the statement knowing it to be false and without reasonable grounds for believing it to be true. For the purpose of reviewing the motion to dismiss, these allegations must be considered as true (*Griffis v. Board of*

*Education* (1979), 72 Ill. App. 3d 784, 787; *Brooks v. Village of Wilmette* (1979), 72 Ill. App. 3d 753, 756), and they could constitute grounds for finding that defendant abused the qualified privilege.

■■ Finally, an examination of the complaint indicates the plaintiff has also sufficiently alleged actual malice. Actual malice is knowledge of the falsity of the alleged defamatory statement or a reckless disregard for its truth or falsity; however, the bare allegations of knowledge of falsity without underlying supporting facts are not legally sufficient. (*Johnson v. Board of Junior College Dist. No. 508* (1975), 31 Ill. App. 3d 270, 275-77.) In his complaint plaintiff did allege that defendant made the statement "knowing it to be false, without reasonable grounds for believing it to be true, maliciously, wilfully, intentionally and without reasonable justification or excuse with the intention of destroying Plaintiff's personal and professional reputation, causing Plaintiff to be denied tenure, to be terminated from employment * * * and interfering with his ability to be suitably employed in the future." These allegations, taken together with other factual allegations in the complaint and in the answer to the bill of particulars concerning the relationship of the parties, with the circumstances under which the statements were allegedly made and with the fact that the statement is slanderous *per se* and therefore one from which malice is presumed, are sufficient to charge actual malice. *Coursey v. Greater Niles Township Publishing Corp.* (1968), 40 Ill. 2d 257, 266.

Considering the facts well pleaded in the amended complaint and the answer to the bill of particulars and drawing all reasonable inferences in favor of the plaintiff, as the court is required to do in ruling on a motion testing the sufficiency of the allegations of a complaint, we find that a good cause of action for defamation with respect to statement 1 is stated in the amended complaint and that the trial court was in error in dismissing that portion of the amended complaint.

Insofar as the order of the trial court dismissed the allegations of paragraph 8 of the amended complaint concerning statement 2, it is affirmed; otherwise, the order of the trial court dismissing the amended complaint is reversed and vacated, and the cause is remanded for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part and remanded.

SEIDENFELD, P. J., and NASH, J., concur.