477 So.2d 1352 (1985)
Herman ROBINSON
v.
BOARD OF TRUSTEES OF EAST CENTRAL JUNIOR COLLEGE, et al.
No. 55089.
Supreme Court of Mississippi.
October 9, 1985.
Rehearing Denied November 6, 1985.
David A. Stephenson, Rick Fortenberry, Sandusky, Bailey, Fortenberry & Stephenson, Meridian, for appellant.
William H. Johnson, Jr., Decatur, Jack Brand, Newton, for appellee.
Before PATTERSON, C.J., and PRATHER and SULLIVAN, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal from the Chancery Court of Newton County which dismissed this action at the close of the plaintiff's proof, upon motion of the defendant. The chancellor found that Herman Robinson (hereinafter Robinson) failed to prove damages resulting from East Central Junior College's failure to give timely notice of nonrenewal of his teaching contract.
On June 15, 1981, Robinson entered into a contract with East Central Junior College for the scholastic year 1981-82. The contract contained two clauses pertinent to this suit:
1. That the employee hereby accepts such employment and obligates himself to perform such duties as are required by law and by the Board of Trustees of the college ... and to perform all *1353 duties in a satisfactory manner and in accordance with the policies, rules and regulations of the State Board of Education of the State of Mississippi, and the Board of Trustees of this Junior College District.

6. This contract is contingent upon the continuation of sufficient funding, and/or sufficient student enrollment, and/or the program/subject offering.
At a faculty meeting prior to the 1981-82 school year, the dean of the junior college distributed two publications styled "E.C.J.C. Policies and Procedure Manual" and "E.C.J.C. Faculty Handbook" to all of the faculty members. These publications contained the policies and procedures to be followed by employees of the college. A provision in the publications stated that notification of nonrenewal of a teacher's annual contract would be given the teacher, in writing, on or before March 15, preceding the ensuing contract year.
On March 5, 1982, Robinson was informed by the dean of the college that there would be a delay in issuing all of the contracts for 1982-83 school year because of a funding problem and uncertain appropriations by the Mississippi Legislature.
On April 13, 1982, some 28 days after the notice of nonrenewal deadline, Robinson was advised by the President of the college that his contract would not be renewed for the 1982-83 school year. Robinson requested and was granted a hearing before the full Board of Trustees of the college at which he was represented by legal counsel. The Board of Trustees upheld its earlier decision not to renew his contract.
After receiving notice of the Board's decision Robinson applied for teaching positions at one junior college and at several high schools. He obtained employment from New Hope High School in Lowndes County for a smaller salary than he had previously received from East Central.
On June 16, 1983, this suit was filed in chancery court seeking damages in the amount of the difference Robinson would have received had he continued to teach at East Central Junior College and that which he received in his new position.
The first issue presented in this appeal is whether the provisions in the handbook and manual are part of the contract of employment. We are of the opinion they are.
The one page contract the parties signed specifically refers to the policies, rules, and regulations of the Board of Trustees. Although there is no evidence that the Board formally adopted the publications, they are nevertheless bound by the terms and provisions contained therein because of their use and dissemination of the publications, and the terms of the contract entered into by the parties. While there does seem to be a conflict in the two provisions herein quoted, we are not persuaded that the "subject to adequate funding" clause excuses the Board from complying with the notice of nonrenewal provision.
In Weatherford v. Martin, 418 So.2d 777 (Miss. 1982), we held teachers who sought a modification of the salary portion of their contracts were bound by the salary schedule and policies of interpretation contained in the "Teachers Handbook." Because the teachers had knowledge of the policies of the district they could not circumvent them and assert the court should modify their contract.
The same principle applies here to the Board of Trustees. The reference to the policies and procedures of the Board in the contract adds strength to the argument in favor of enforcing the provisions.
Because the handbook and manual were not complied with by the Board of Trustees, Robinson prays that the contract between the parties be automatically renewed. Under the Public School Fair Dismissal Act, § 37-9-105, Mississippi Code Annotated (1972), as Amended, public school teachers must be notified of nonrenewal of their contracts by a specified deadline. Failure of a school board to comply with this statute results in automatic renewal of the teacher's contract for the ensuing school year at the compensation *1354 specified in the contract. Jones v. Benton County Board of Education, 389 So.2d 1381 (Miss. 1980). Both parties concede that the statute has never been construed to apply to junior colleges, but by analogy we assume, but do not hold, that automatic renewal of the contract in this cause would have been an appropriate remedy.
Nevertheless, the day for awarding this remedy has passed. The appropriate remedy at this juncture is an award of damages in the amount the appellant lost because of the Board's failure to give timely notice of nonrenewal.
A review of the proceedings below reveals the appellant did not meet his burden of proof on this issue. While it is true his salary decreased when he obtained other employment, there is no proof that he could have maintained the higher salary had he been earlier notified of nonrenewal. We agree with the chancellor's finding the evidence does not support a conclusion that the untimely notification caused the appellant to accept a lower paying position.
Having reviewed the record and briefs in this cause and hearing the oral argument, we find that there is no reversible error shown. Therefore the judgment of the lower court is affirmed.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.