541 So.2d 1048 (1989)
Earnestine ROBINSON
v.
Dr. Mary E. HAWKINS, et al.
No. 58433.
Supreme Court of Mississippi.
April 5, 1989.
Dixon L. Pyles, Jr. and Dixon L. Pyles, Pyles & Tucker, Jackson, for appellant.
William R. Collins and C.R. Montgomery, Montgomery, Smith-Vaniz & McGraw, Canton, for appellees.
Before ROY NOBLE LEE, C.J., and PRATHER and BLASS, JJ.
PRATHER, Justice, for the Court:
At issue in this medical malpractice suit is the sufficiency of an original complaint filed within the limitation of action period. If the court finds the original complaint insufficient, the issue then becomes whether the amended complaint filed after the statutory period of limitations related back to the time of filing the original complaint so as to be considered as within the limitations of actions period.
Earnestine Robinson, plaintiff below, brought this suit in the Circuit Court of Hinds County alleging medical malpractice on the part of Dr. Mary E. Hawkins, Dr. Earl Stubblefield and the Woman's Hospital of Jackson, Mississippi. Dr. Stubblefield and the hospital were dismissed from the lawsuit on demurrer, from which no appeal is taken. At the conclusion of the plaintiff's case, Dr. Hawkins moved for directed verdict and renewed her plea in bar and demurrer, which was granted by the trial court. From this adverse decision *1049 by the trial court, the plaintiff now perfects her appeal to this Court and assigns as error the following:
(1) The trial court erred in granting the defendant's demurrer after the plaintiff had rested her case in chief.
(2) The trial court erred in ruling that the plaintiff had failed to prove a prima facie case against Dr. Hawkins.
(3) The trial court erred in making any ruling which granted litigation costs to the appellee.
This Court reverses the trial court and remands for a trial on the merits.

I.
The appellant in this case, Mrs. Earnestine Robinson, delivered two children under the care of Dr. Mary E. Hawkins, the appellee, who is an obstetrician/gynecologist practicing in the Jackson area. Mrs. Robinson's first child was born in 1974 and a second child, a son, was born on July 12, 1977. When Mrs. Robinson's second child was born, she was 28 years old, with no apparent physical problems of any kind. On July 12, 1977, she went into premature labor and was admitted to the Woman's Hospital of Jackson to deliver this child. The medical treatment of Mrs. Robinson during and after the delivery of this second child is the subject matter of this lawsuit.
The Court does not recite the testimony of the numerous witnesses for the reason that a retrial is ordered. Suffice it to say that Mrs. Robinson and her expert medical witness testified to the doctor-patient relationship of the medical treatment of her during childbirth and subsequent thereto, and of the duty of the defendant under a national standard of care to the plaintiff, of an alleged breach of that duty, and the damages that resulted from the breach of duty.
On January 8, 1980, Mrs. Robinson filed her original declaration initiating this civil action. The procedural history of this lawsuit which transpired between 1980 and 1982 are not entirely clear because much of the trial court record is now missing; however, an attempt at reconstruction was made for this appeal. Mrs. Robinson's present counsel was employed to represent her in early 1982 and filed an amended declaration pursuant to an order issued on April 5, 1982. A second amended declaration was filed pursuant to court order on January 31, 1983. Dr. Hawkins filed a demurrer alleging that the 1980 original complaint failed to state a cause of action and that the two 1982 amended complaints were new and independent causes of action which were filed after the running of the two year statute of limitations in medical malpractice cases and were, therefore, barred. The circuit judge took these pleadings under advisement. Only the original declaration, the second amended declaration, the demurrer and plea in bar for the second amended declaration and the trial judge's ruling when the appellant rested her case in chief are being considered on this appeal.
When Mrs. Robinson rested her case in chief, Dr. Hawkins renewed her demurrer and plea in bar. Additionally, she moved for a directed verdict based on the assertion that Mrs. Robinson had failed to prove a prima facie case. After hearing arguments by both parties, the trial court ruled that the original bill failed to state a cause of action and sustained the demurrer and motion for directed verdict. The trial court also held that the plea in bar was based on the statute of limitations, requiring dismissal of the two amended complaints. The appellant now appeals the trial court's decision to this Court.

II.

DID THE TRIAL COURT ERR IN GRANTING THE APPELLEE'S DEMURRER, PLEA IN BAR, AND MOTION FOR DIRECTED VERDICT AFTER THE APPELLANT HAD RESTED HER CASE IN CHIEF?
It should be noted initially that the Mississippi Rules of Civil Procedure do not govern this case; the rules were adopted on January 1, 1982, and were to be followed in all civil actions filed on and after that date. This case was filed in January of 1980.
*1050 Prior to adoption of the Mississippi Rules of Civil Procedure, the requirements for the filing of a declaration were governed by § 11-7-35 of Miss. Code Ann. (1972). It reads as follows:
The declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient. It shall not be an objection to maintaining any action that the form thereof should have been different.
This Court holds that the original declaration filed by the appellant in this case was sufficient to meet the requirements of § 11-7-35.
Mrs. Robinson's original 1980 declaration, sets out very clearly the acts allegedly committed by the appellee, Dr. Hawkins which would constitute medical malpractice and/or negligence. The four key provisions of the appellant's declaration read as follows:
(1) The defendant, Dr. Mary E. Hawkins, was negligent in the care and treatment of the plaintiff in that she failed to get proper advice or help when she had problems removing afterbirth during the delivery of the plaintiff's baby.
(2) The defendant, Dr. Mary Hawkins, was negligent in the care and treatment of the plaintiff in that she failed to recall plaintiff to the hospital to check her condition, especially after plaintiff had reported several bleedings. Furthermore, Dr. Hawkins, the defendant, was negligent in asking plaintiff to get in bed as opposed to encouraging the plaintiff to come to her office for further treatment; and plaintiff would show that she was in a state of shock when the defendant, Dr. Hawkins, finally told her to come to the hospital.
(3) The defendant, Dr. Hawkins, was also negligent in performing the dilatation and curettage on the plaintiff herein in that she performed said dilatation and curettage while plaintiff was in shock, and the defendant failed to recognize any symptoms earlier because of her own negligence in failing to give the plaintiff the proper attention.
(4) The defendant, Dr. Hawkins, failed or refused to reveal to the plaintiff the fact that the plaintiff's uterus had been permanently destroyed to prevent the plaintiff from making further inquiry or consulting another physician.
On its face, this portion of the declaration clearly states a cause of action against the appellee, Dr. Mary Hawkins. Furthermore, there are approximately 600 pages in the record of testimony relating to these causes of action. During cross-examination of the plaintiff's expert witness, Dr. John Hillabrand, his testimony mirrored the allegations found in the plaintiff's original declaration. This Court is of the opinion that the original 1980 complaint stated a cause of action, and that the trial judge was in error in sustaining the demurrer. However, because the case went to trial, the demurrer question is now moot. The question then becomes whether the directed verdict should have been granted.
In passing upon motions for a directed verdict in medical malpractice cases, this Court has held that the following standard applies:
At the conclusion of plaintiff's proof in a medical malpractice case, upon motion by the defendant for a directed verdict, the trial court is required to consider the evidence in a light most favorable to the plaintiff, considering the testimony in behalf of the plaintiff to be true along with all reasonable favorable inferences that may be drawn therefrom, and evidence of contradiction thereof must not be considered.
Ladner v. Campbell, 515 So.2d 882, 887 (Miss. 1987). See also Boyd v. Lynch, 493 So.2d 1315, 1317 (Miss. 1986); Clayton v. Thompson, 475 So.2d 439, 443 (Miss. 1985).
Additionally, in order to make out a prima facie case of medical malpractice, a party is required to show the following:
To present a prima facie case of medical malpractice, a plaintiff, (1) after establishing the doctor-patient relationship and its attendant duty, is generally required *1051 to present expert testimony (2) identifying and articulating the requisite standard of care and (3) establishing that the defendant physician failed to conform to the standard of care... . In addition, (4) the plaintiff must prove the physician's noncompliance with the standard of care caused the plaintiff's injury, as well as proving (5) the extent of plaintiff's damages.
Ladner, supra at 887-888. See also Boyd v. Lynch, 493 So.2d 1315, 1318 (Miss. 1986).
In addition to testimony presented by Earnestine Robinson and her husband, the appellant presented testimony from Dr. John Hillabrand, a gynecologist/obstetrician from Ohio. After examining approximately 115 pages of testimony from Dr. Hillabrand in the record, this Court holds that the appellants successfully made out at least a prima facie case of medical malpractice and/or negligence. Dr. Hillabrand testified at length about his analysis of how Dr. Hawkins erred in treating the appellant, and how her treatment fell below the minimum standards required of physicians. Therefore, this Court holds that the appellant successfully made out a prima facie case of medical malpractice and/or negligence, and therefore the trial court was in error in granting the appellee's motion for a directed verdict.
The defendant claims that the amended declaration and the second amended declaration filed in 1982 contained new causes of actions which should be barred by the statute of limitations. This Court does not reach this question in view of our holding that the original bill was sufficient to state a cause of action and also that the proof offered in support thereof met the burden of proof to withstand a motion for a directed verdict.

III.

DID THE TRIAL COURT ERR IN MAKING ANY RULING WHICH GRANTED LITIGATION COSTS TO THE APPELLEE?
It is not clear to this Court why this is assigned as error, since Dr. Hawkins concedes that "the trial judge in the trial transcript as part of this appeal record does not address litigational costs." The defendant also does not even address the issue of attorney's fees in her brief. Therefore, it is the opinion of this Court that this issue does not merit discussion at this point.
Therefore, for the above cited reasons, it is the opinion of this Court that the decision of the trial court should be reversed and the case remanded for a new trial on the original and amended bills.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., not participating.