548 So.2d 982 (1989)
Dr. J. Shelvey HOLLAND, Jr.
v.
Dr. Verne R. KENNEDY, Dorothy D. Barham, Thomas G. Hood, Norman H. McCrummen, III, and Belhaven College.
No. 58680.
Supreme Court of Mississippi.
August 23, 1989.
John L. Maxey, II, Samuel L. Begley, Cupit & Maxey, Jackson, for appellant.
*983 Joseph L. McCoy, McCoy, Wilkins, Noblin & Stephens, Thomas H. Suttle, Jr., Daniel, Coker, Horton & Bell, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and PITTMAN, JJ.
ROBERTSON, Justice, for the Court:

I.
Today's appeal presents a point of adequacy in a plaintiff's pleading and, more poignantly, the present possibility that justice delayed may be justice denied. Plaintiff's suit for breach of employment contract, for libel and slander incident to discharge was filed December 30, 1981, and generously sets forth facts which if found to be true fortell recovery. Yet, after one false start, appeal, reversal and remand, the Circuit Court, in what is surely the last hurrah for the late but we trust not lamented demurrer,[1] dismissed the declaration on its face.
We reverse and remand.

II.[2]
By letter dated August 10, 1979, Belhaven College offered J. Shelvey Holland ("Holland") the administrative position of Vice President for Student Affairs at the college. At that time, Holland was also offered a teaching position on the faculty of the college. The terms of Holland's employment were outlined in the letter, to commence on June 1, 1979. For each of the next two years the college reappointed Holland to his administrative and teaching positions. The college's fiscal year commenced each June 1.
The "Faculty-Staff Handbook" provided that notice of any termination of employment would be transmitted to the affected faculty member no later than March 1. More particularly, the handbook stated:
Members of the faculty not on permanent tenure are given notice in writing by the President not later than March 1 in any academic year in which their appointment is not to be renewed.
On March 23, 1981, Holland was informed by a letter from Dr. Verne Kennedy, President of Belhaven College, that his appointment at the college had been renewed for the fiscal year beginning on June 1, 1981. The announcement of Holland's re-appointment, however, caused disquiet among both other faculty members as well as the administrative staff who worked under Holland's supervision.
The President of the college ultimately capitulated to the wishes of the disgruntled employees, and by letter dated April 1, 1981, Kennedy discharged Holland from his employment, effective May 31, 1981. Holland's salary was to continue through the month of August, however. The letter stated that Holland's interactions with other employees had caused serious problems at the college and that working relationships among the faculty and staff had suffered as a result.
In addition to the letter of re-appointment, Holland claims also that at a meeting held in Kennedy's office on March 9, 1981, Kennedy extended to him an oral offer of employment for the fiscal year beginning June 1, 1981. Holland says he accepted the offer at that time.
These factual circumstances form the basis for Holland's wrongful discharge (or breach of contract) claim. The libel claim stems primarily from events occurring after Holland's termination. Apparently, the president of the college sought ratification of his actions from the Belhaven Board of Trustees. While explaining his reasons for the termination to that body, Holland alleges, Kennedy submitted a memorandum which contained accusations which he knew to be false and which injured Holland's reputation.
*984 The civil conspiracy and interference with contract claims are rooted in the alleged participation of the other Belhaven faculty and staff in the events leading up to Holland's termination. Holland claims in his amended declaration that these other defendants, working in concert, actively induced his employer to breach his employment contract by circulating false rumors among the staff and by vocally calling for his dismissal.
On December 30, 1981, Holland filed suit against the college, its president (Kennedy), and those faculty and staff members who allegedly induced Kennedy to breach his employment contract. Holland claimed that he was entitled to his salary for the entire one-year term of the contract as well as actual damages resulting from his relocation to Jackson from Atlanta. In addition, Holland sought actual and punitive damages from all defendants for tortious breach of contract, libel, and interference with contract.
This is not the first appearance of this case in this Court, however. Holland filed his original declaration on December 30, 1981, naming only Belhaven College and its president, Verne R. Kennedy as parties defendant. After the Circuit Court had sustained a demurrer by order dated March 31, 1982, Holland filed an amended declaration, naming the additional parties. The defendants responded with a Rule 56 motion for summary judgment, the Mississippi Rules of Civil Procedure having recently been adopted. The Circuit Court granted that motion, and Holland appealed to this Court, maintaining that the new rules had no application to the action as it had been initiated prior to their adoption, January 1, 1982. By opinion dated August 22, 1984, this Court held that the Rules of Civil Procedure were not applicable to this action, as the action was instituted in 1981, and "the amended declaration was a continuation of the original filed prior to January 1, 1982, the effective Rules date." Holland v. Kennedy, 454 So.2d 1305, 1306 (Miss. 1984).
On remand, the defendants again demurred. Three years later, by order dated September 7, 1987, the Circuit Court sustained the demurrer. Holland again appeals, assigning as error the lower court's grant of the defendant's demurrer.

III.

A.
A general demurrer such as that presented to the Circuit Court was, in pre-rules practice, a method of testing the legal sufficiency of the plaintiff's allegations.[3]
The demurrer ... is a pleading by which the defendant challenges the sufficiency of the bill in substance, or in form, and presents to the court the question of law as to whether upon such a bill the defendant should be required to plead further; and by which, for the purpose of said challenge and of the argument of said test in law, all of the facts of the bill well pleaded are, for the time being, admitted.
Griffith, Mississippi Chancery Practice § 286 (2d ed. 1950); see Employers Insurance of Wausau v. Weems, 382 So.2d 479, 480 (Miss. 1980).
A case of significance is Deaton v. Delta Democrat Publishing Co., 326 So.2d 471 (Miss. 1976), an action for invasion of privacy, where the Court stated the standard by which the sufficiency of a declaration should be judged.
Mississippi Code Annotated section 11-7-35 (1972) provides that declarations shall contain a statement of facts in "ordinary and concise language ... and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient." The section concludes that an objection to maintain an action shall not be based upon "the form thereof... ." In our jurisprudence it is the rule that where a demurrer to a declaration raises merely a doubtful question, or where the case is *985 such that justice may be promoted by a trial on the merits, even though the demurrer might be technically sustainable, it must be overruled. Jacobs v. Bodie, 208 Miss. 779, 45 So.2d 587 (1950); Goff v. Randall, 206 Miss. 178, 39 So.2d 881 (1949). We also adhere to the rule that facts which are reasonably or necessarily implied from facts stated must on demurrer be considered as true, and when such facts together with express averments, furnish sufficient material of substance for courts to proceed on the merits the demurrer should not be sustained. Ross v. L. & N.R.R., 178 Miss. 69, 172 So. 752 (1937).
Deaton, 326 So.2d at 473.
Further, the rules regarding a general demurrer (the type interposed by today's defendants) establish that in cases where the declaration states multiple grounds for relief, the demurrer must either be granted as to all counts or be denied in its entirety. "A general demurrer must be sustained or overruled in its entirety. Canton Cotton Warehouse Co. v. Potts, 68 Miss. 637, 10 So. 59 (1891). A general demurrer to a declaration containing more than one count cannot be sustained if any count is sufficient." Boler v. Mosby, 352 So.2d 1320, 1323 (Miss. 1977); see also Hicks v. Greenville Lumber Co., Inc., 387 So.2d 94, 97 (Miss. 1980).

B.
Whether Holland's breach of contract claim may survive a demurrer turns on whether, taking as true the facts Holland has alleged in his declaration, his contract with the college was "at-will" or for the definite term of one year.
The March 23 letter so viewed provides:
In its February 26 meeting, the Belhaven College Board of Trustees approved a 1981-1982 budget which becomes effective June 1, 1981. Some increase in wages was budgeted for each member of the college's salaried faculty and staff. Beginning June 1, 1981, your annual salary will be $28,000.00... .
Holland points to the termination provisions of the "Faculty-Staff Handbook" as well as the long-standing practice of the college to re-appoint each faculty member with specific reference to the academic and fiscal year beginning June 1 as evidence of the definite term of employment.
The provisions of the handbook pertinent to this issue read as follows:
The terms of employment are explicitly stated in the letter of appointment. A copy of "Christian Aims and Standards" (see below for copy) accompany each letter and are designated as a part of the contract.
Members of the faculty not on permanent tenure are given notice in writing by the President not later than March 1 in any academic year in which their appointment is not to be renewed.
Members of the faculty who plan to resign at the end of the academic year give the president a written statement of this intention not later than April 1.
This Court accepted in Perry v. Sears, Roebuck & Co., 508 So.2d 1086 (Miss. 1987), that, as a general proposition, the express terms of a contract of employment may be supplemented by "statements found in a personnel or pension manual or other representations... ." 508 So.2d at 1088. If the handbook or policy statement is intended to supplant or modify the express terms of the contract, however, such an intent must also be expressed. "[A] written contract can be modified by a policy handbook which then becomes part of the contract ... only where the contract expressly provides that it will be performed in accordance with the policies, rules and regulations of the employer." Id. (emphasis added) Perry cites Robinson v. Board of Trustees of East Central Junior College, 477 So.2d 1352 (Miss. 1985), where the Court held that the provisions of an employee manual were incorporated into an employment contract because of the Board's "use and dissemination of the publications... ." 477 So.2d at 1353.
This Court's most recent discussion of the breach of an employment agreement for a definite term is contained in Short v. *986 Columbus Rubber & Gasket Co., 535 So.2d 61 (Miss. 1988). In that case the Court held that an agreement specifying that the election of a corporate officer "for the ensuing year" was sufficiently reflective of a one-year term to raise a jury issue regarding the contemplated term of the contract. 535 So.2d at 64-65. The Court concluded that "[a]t the very least, controverted testimony regarding the contemplated length of employment creates an issue of fact as to the existence of an oral contract for a definite term vel non, precluding summary disposition." 535 So.2d at 64; see also Shaw v. Burchfield, 481 So.2d 247, 252 (Miss. 1985) (summary judgment should not be used to resolve contract ambiguities).
The allegations of Holland's declaration, if proved, may well be sufficient that the trier may find an employment agreement for a full year contract. We certainly may not say that no rational fact finder would reach such a result. As Short makes clear, because the express terms of the contract are at worst ambiguous on this point, Holland may introduce evidence of past employment practices of the college, oral representations made to him by agents of his employer as well as the policy handbook to support his claim that his employment was for a definite term.
To the extent the Circuit Court's order of dismissal was predicated on the purported legal insufficiency of Holland's breach of contract claim, that order was erroneous.

C.
Holland's libel and slander claim arises from alleged actions of the president of the college, Dr. Kennedy, and the other defendants made after Holland's discharge. Specifically, Holland alleges that Kennedy (1) "falsely advised the Mississippi Employment Security Commission that ... Holland was a failure and unable to do his job satisfactorily"; (2) "vilified and slandered the plaintiff, by attacking his good name and calling him a liar"; (3) referred to Holland "as incompetent and called him a liar, knowing full well that same was untrue"; and (4) "prepared a memorandum, composed of blatant falsehoods and distortions on his decision to attempt to terminate the employment of the plaintiff and submitted his purported reasons to the Board of Trustees for the purpose of sustaining his unwarranted decision to discharge the plaintiff".
In reply, the college sets out two distinct defenses. First, the college maintains that the allegedly defamatory words were not specifically alleged in Holland's declaration as required by Miss. Code Ann. § 11-7-53 (1972). This point was decided adversely to the college's position in Valley Dry Goods Co. v. Buford, 114 Miss. 414, 427, 75 So. 252, 254 (1917) where the Court held "it has always been sufficient to allege the words or synonymous words which constitute the slander." The claim of libel and slander is sufficiently pleaded, even under our pre-notice pleading rules in effect when this suit was filed.
The rule noted above is a pleadings rule only, and a pre-Rule 8(a), Miss.R. Civ.P., rule at that. See Stanton & Associates, Inc. v. Bryant Construction Co., 464 So.2d 499, 505 (Miss. 1985). Nothing said here waters down our well settled rule that, only where the libel or slander is "clear and unmistakable from the words themselves and not the product of any innuendo, speculation or conjecture," may a plaintiff recover. See, e.g., Johnson v. Delta-Democrat Publishing Co., 531 So.2d 811, 813 (Miss. 1988); Baugh v. Baugh, 512 So.2d 1283, 1285 (Miss. 1987).
Factually analagous to today's case is Colson v. Stieg, 86 Ill. App.3d 993, 42 Ill. Dec. 53, 408 N.E.2d 431 (1980), aff'd 89 Ill.2d 205, 60 Ill.Dec. 449, 433 N.E.2d 246 (1982). In that case the plaintiff, an untenured university professor, filed suit against his department chairman for statements made to a personnel committee to the effect that the chairman was in possession of evidence that would expose the professor as incompetent. In reversing a dismissal of the professor's defamation action, the court held that the charges of incompetency constituted slander per se, as the statements reflected adversely on the professor's *987 competency in his chosen profession. The court further held that if such statements were made with knowledge of their falsity, then no qualified privilege would defeat the action. 42 Ill.Dec. at 57, 408 N.E.2d at 435; see also Bego v. Gordon, 407 N.W.2d 801, 811 (S.D. 1987) (accusations of want of professional capacity are actionable per se); 50 Am.Jur.2d Libel and Slander §§ 102, 106, 114 & 116 (1970); Prosser & Keeton, The Law of Torts § 112 at 790-92 (5th ed. 1984). Consequently, Holland's allegations relating to Kennedy's charges of incompetence, if made with malice as Holland alleges, could serve as a basis for a defamation action.
To be sure, this Court has recognized a qualified privilege protecting communications between employers and employees. The limits of that privilege were delineated in Bush v. Mullen, 478 So.2d 313 (Miss. 1985).
[The privilege] is restricted both as to scope of and motivation for the communication. In Hooks v. McCall, 272 So.2d 925 (Miss. 1973), this Court held that "a qualified privilege exists between those directly interested in the same matter and in the absence of malice no cause of action lies." Id. at 927. In Benson v. Hall, 339 So.2d 570 (Miss. 1976), the Court, relying on Killebrew [v. Jackson City Lines, 225 Miss. 84, 82 So.2d 648 (1955)], held "When qualified privilege is established, statements or written communications are not actionable as slanderous or libelous absent bad faith or malice if the communications are limited to those persons who have a legitimate and direct interest in the subject matter." Id. at 573. Further, the opinion stated that "If publication is made to persons outside the circle  those not having a legitimate and direct interest in the subject matter of the communication  the protection of the privilege may not be invoked." Id. (emphasis added).
Bush, 478 So.2d at 314; see also Hayden v. Foryt, 407 So.2d 535, 536 (Miss. 1981).
Our recognition of the qualified privilege is consonant with the law of other states respecting statements made regarding the retention, tenure and termination of college faculty members. See Webster v. Byrd, 494 So.2d 31, 35 (Ala. 1986) (publication outside the circle of decision-makers is not privileged); Konowitz v. Archway School Inc., 65 A.D.2d 752, 409 N.Y.S.2d 757, 758-59 (1978) (privilege "will not insulate a defendant against a showing of malice"); Bego v. Gordon, 407 N.W.2d 801, 811 (S.D. 1987) (same).
Holland's allegations of malice and knowing falsehood are sufficient in law that a demurrer based on the qualified privilege defense may not be sustained. The Circuit Court erred in holding otherwise.

IV.
Having identified two viable causes of action in Holland's amended declaration sufficient to withstand the defendants' general demurrer, we may only conclude that the Circuit Court erred in sustaining the demurrer and dismissing the action. We reverse the judgment entered below and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] But see Robinson v. Hawkins, 541 So.2d 1048 (Miss. 1989); and Satcher v. Wiser, 483 So.2d 694, 697 (Miss. 1986).
[2] This appeal is taken from the Circuit Court's granting of Defendants' demurrer. The facts stated below are those taken from Plaintiff's declaration which, in the present posture of the matter, must be taken as true.
[3] Under the Mississippi Rules of Civil Procedure, Rules 12(b)(6) (failure to state a complaint upon which relief can be granted) and Rule 12(c) (judgment on the pleadings) serve similar functions.