349 So.2d 550 (1977)
Ralph R. JACKSON
v.
BOARD OF EDUCATION OF OKTIBBEHA COUNTY, Mississippi.
No. 49988.
Supreme Court of Mississippi.
September 7, 1977.
*551 Threadgill & Smith, Gary L. Geeslin, Columbus, for appellant.
William Ward, Starkville, for appellee.
Before PATTERSON, ROBERTSON and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal from a decree of the Chancery Court of Oktibbeha County, Mississippi, which was made pursuant to a finding that the defendant Board of Education violated the provisions of the Public School Fair Dismissal Act by failing to give the plaintiff timely notice of its decision not to renew his contract for the school year 1975-1976 as provided by Mississippi Code Annotated section 37-9-105 (1972). The decree ordered that the plaintiff, Ralph R. Jackson, be "reinstated as an employee of the Board of Education of Oktibbeha County, Mississippi, to the first available position for which he is qualified and licensed." Jackson has appealed this order, contending that it does not go far enough in that it does not also provide for an award of back pay and attorney's fees. The Board of Education has filed a cross-appeal contending that the chancellor's finding that its action violated the notice provision of the Public School Fair Dismissal Act is erroneous.
Ralph R. Jackson was employed as a drug education specialist by the Oktibbeha County Board of Education under one-year contracts for the years 1973-1974 and 1974-1975. These contracts ran from July to July each year. It was Jackson's job to go to the various elementary schools and high schools in Oktibbeha County and conduct drug education classes. As a result, his immediate supervisor was not a school principal but was John R. Ware, the superintendent of education of Oktibbeha County. The Board of Education decided that it would not renew the drug education program on July 7, 1975, and therefore no application was initiated by the Board to the State Department of Education for the funding of said program. The chancellor found that on August 5, 1975, the plaintiff's job was eliminated. On August 19, 1975, by *552 regular mail, the plaintiff received a letter dated August 18, 1975, giving him notice of the board's action. A hearing was requested before the school board and was conducted on September 22, 1975. The board declined to reemploy Jackson and he appealed under the provisions of the Mississippi Public School Fair Dismissal Act to the Chancery Court of Oktibbeha County which found that the board had violated the notice provision of the Public School Fair Dismissal Act and which ordered the board to reinstate the plaintiff to the first available position for which he is qualified and licensed.
The chancellor's final decree was dated September 27, 1976, and did not provide for an award of back pay for the year of employment which the plaintiff was denied, nor did it provide for any award of attorney's fees to the plaintiff.
This appeal presents two questions: (1) Whether the plaintiff was entitled to notice pursuant to Mississippi Code Annotated sections 37-9-103 through 37-9-107 (1972); and (2) If the plaintiff was entitled to notice pursuant to those sections, whether he was entitled to be awarded back pay for the year which he lost?
Appellant, Ralph R. Jackson, was the holder of a Class "A" teaching certificate issued by the Board of Education of the State of Mississippi. Mississippi Code Annotated section 37-9-103 (1972) reads as follows:
As used in sections 37-9-101 through 37-9-113 the word "employee" shall include any teacher, principal, superintendent elected by a board of trustees, and other professional personnel employed by any public school district of this state and required to have a valid certificate issued by the state department of education as a prerequisite of employment.
Jackson fell within this definition and was an employee within the meaning of the Act.
Mississippi Code Annotated section 37-9-105 (1972) reads, in part, as follows:
Any employee of a school district who has been employed by such district during the entirety of the preceding school year, shall be given notice within seven (7) days of the decision that he not be offered a contract for reemployment for the succeeding school term when:
.....
(c) by April 1 the principal does not recommend to the superintendent the reemployment of a teacher, or by May 1 the principal does recommend the reemployment of a teacher and the superintendent does not approve the recommendation for the teacher's reemployment, or by May 1 the principal and superintendent both recommend the reemployment of a teacher and the board of trustees of the district declines the recommendation.
Mississippi Code Annotated section 37-9-107 (1972) reads, in part, as follows:
Except in the case of nonreemployment of the superintendent, notice shall be tendered by the superintendent to any employee within seven (7) days of the date when the recommendation to reemploy would have been made under the terms of sections 37-9-15 and 37-9-17 and amendments thereto.
.....
The notice shall be mailed by certified mail, return receipt requested.
The central thrust of the argument of the board of education is that while Ralph R. Jackson may have been a teacher within the definition supplied by Mississippi Code Annotated section 37-9-103 (1972), Mississippi Code Annotated section 37-9-105 (1972), only requires that notice be given when the principal of the school at which the teacher is employed does not recommend to the superintendent the reemployment of a teacher by April 1 or by May 1 the principal does recommend the reemployment of a teacher and the superintendent does not approve the recommendation. In essence, the board of education argues that section 37-9-105 only covers those teachers who are employed at a particular school and would be recommended for reemployment by a particular principal. The same argument applies to Mississippi Code Annotated section 37-9-107 and the section to which it refers, section 37-9-17. The plaintiff was *553 not employed at any particular school in Oktibbeha County but worked out of the office of the county board of education where his immediate supervisor was the superintendent of education. Thus, the board of education argues that the plaintiff was not to be recommended by the principal of a particular school and therefore he does not come within the ambit of the foregoing Code sections. The issue can be formulated as follows: Notwithstanding the broad reference to "any employee" in section 37-9-105, which requires notice, is that section limited only to certain employees, namely teachers who work at a particular school, or does the section cover all employees of the school district regardless of whether or not they are employed at a particular school?
It is manifest that one purpose of the Act is to give those teachers who are not to be reemployed for the ensuing year early notice of that fact so that they might seek employment elsewhere. Prior to the enactment of the Public School Fair Dismissal Act, there was no procedure in Mississippi detailing the method by which minimal procedural due process would be afforded to a public school teacher regarding notice that he or she would not be reemployed for the succeeding school year. The Act serves a just purpose and was enacted by the Legislature to protect those persons enumerated in section 37-9-103 from unfair and sometimes vindictive practices of their superiors. It is clear that the Legislature intended that all of the classes of persons enumerated under section 37-9-103 are entitled to notice by virtue of section 37-9-105, if they have been employed by the school board during the entirety of the preceding school year, and that any person falling within that category must be given notice that he will not be offered a contract of reemployment. The subsections under that statute establish a time table fixing the latest date a school board can wait to make a determination regarding the reemployment of a person covered and were not intended to restrict the broad language in the body of the statute that "Any employee of a school district who has been employed by such district during the entirety of the preceding school year, shall be given notice within seven (7) days of the decision that he not be offered a contract for reemployment for the succeeding school term... ." The latest date which runs through all of the sections of the Act that a decision must be made that an employee will not be offered a contract of reemployment for the succeeding term is May 1. We have therefore concluded that seven days after May 1, 1975, was the latest date that the appellee school board could have notified appellant that he would not be reemployed for the 1975-1976 school term. We are of the further opinion that the failure of the school board to abide by the mandatory dictates of the statute and to afford the appellant notice that he would not be reemployed resulted in an automatic renewal of his outstanding contract for the ensuing year, including compensation specified therein, although the statute does not specifically so provide. Unless that were true, the Public School Fair Dismissal Act would have no meaning and school officials could ignore it with impunity. For us to hold that Jackson was entitled to a renewal of his contract without the compensation called for therein would be meaningless.
The school board's contention that Jackson was not wrongfully dismissed, but that the board simply decided not to continue the drug education program and therefore there was no position for Jackson to return to is untenable. In either event  whether the board decided not to rehire Jackson or simply terminated his position  the result was the same, he was not to be reemployed for the succeeding term. Under the Act, he was entitled to timely notice of that decision and he did not receive it.
We have carefully considered appellant's contention that he is entitled to attorney's fees and are of the opinion that under the facts presented the fees are unjustified. First, the Act does not make provision for attorney's fees; and, secondly, the facts of this case created a legitimate difference of opinion as to the interpretation of the statutes involved.
*554 The decree of the chancellor holding that complainant, Ralph R. Jackson, be reinstated as an employee of the Board of Education of Oktibbeha County is affirmed, but is modified to provide further that the appellant is entitled to the compensation that he would have received under his renewed contract for the school year 1975-1976, and this cause is remanded for the chancellor to conduct such proceedings as are necessary to determine the amount of compensation owing to the appellant by the Board of Education of Oktibbeha County, Mississippi, under that contract.
DECREE IS AFFIRMED AS MODIFIED AND REMANDED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.