577 F.2d 951
 Robert Roy McDONALD, Plaintiff-Appellant,
v.
Crawford MIMS et al., Defendants-Appellees.
 No. 76-4044.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 4, 1978.
 
 John L. Maxey, II, Jackson, Miss., for plaintiff-appellant.
 Landman Teller, Jr., Vicksburg, Miss., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before WISDOM, GOLDBERG, and RUBIN, Circuit Judges.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 The plaintiff, a former Vicksburg, Mississippi school teacher, contends that local school officials, in dismissing him without complying with the notice and hearing provisions of the state Public School Fair Dismissal Act, Miss.Code of 1972, §§ 37-9-101, et seq., unconstitutionally deprived him of a property interest without due process of law. The court below granted summary judgment for the defendants, holding that the plaintiff had no "legitimate expectancy" of continued employment that would be protected by the Due Process Clause. After the decision was rendered and while this case was pending on appeal, the Mississippi Supreme Court rendered two decisions that now establish the meaning of the Public School Fair Dismissal Act and make it clear that, under it, the plaintiff had such an expectancy of continued service as to make summary judgment on his claims improper; we therefore reverse and remand for further proceedings.
 
 
 2
 The court below addressed the question whether the plaintiff had a protectable property interest by considering whether the Public School Fair Dismissal Act creates teacher tenure and whether the defendants themselves led the plaintiff to believe he would be re-employed. But this is not the proper focus of the inquiry; due process protection for teachers is not limited to those with tenure.
 
 
 3
 A protectable property interest in public employment exists if a legitimate claim of entitlement to continued employment is created by a source independent of the Due Process Clause itself, such as state law. Bishop v. Wood, 1976, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684; Board of Regents v. Roth, 1972, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; Perry v. Sindermann, 1972, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570; cf. Memphis Light, Gas and Water Division v. Craft, 1978, --- U.S. ----, 98 S.Ct. 1554, 56 L.Ed.2d 30. Such a claim need not be unconditional, Fuentes v. Shevin, 1972, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, and its existence is not precluded by the absence of a state procedure for its protection, Memphis Light, supra ; Arnett v. Kennedy, 1974, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15. Instead, the issue is whether there are "(state) rules or mutually explicit understandings" between the claimant and the state that could be invoked at a hearing and that would suffice to support a claim of entitlement. Perry v. Sindermann, supra, 408 U.S. at 601, 92 S.Ct. at 2699, 33 L.Ed.2d at 580.
 
 
 4
 Those employee rights guaranteed by the Mississippi Public School Fair Dismissal Act preclude the arbitrary dismissal of school teachers covered by the Act. Miss.Code of 1972, § 37-9-109. This protection alone, under Mississippi decisional law, creates a protectable property interest. In re Bishop, 1951, 211 Miss. 518, 52 So.2d 18. Further, while the notice provisions of Miss.Code of 1972, § 37-9-107 might not alone be determinative of the existence of a teacher's entitlement to continued employment, the Mississippi Supreme Court's interpretation of the effect of those provisions, rendered subsequent to the lower court's decision in this case, establishes the existence of such a claim beyond doubt. McDonald v. East Jasper County School Dist., Miss.1977, 351 So.2d 531; Jackson v. Board of Ed. of Oktibbeha County, Miss.1977, 349 So.2d 550.
 
 
 5
 Because the plaintiff thus does enjoy a protectable property interest, the next question raised is whether he was deprived of that interest in violation of the Due Process Clause. Because the record is incomplete with respect to the protection afforded the plaintiff in this case[1] and his attempts to invoke the procedures provided by the Public School Fair Dismissal Act, we must remand for further development of the facts. After determining the facts, the court below must consider whether the defendants' non-compliance, if any, with the Act violated the plaintiff's right to due process. It would now be premature to advance our views on that issue.[2]
 
 
 6
 The judgment is REVERSED, and this case REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 The plaintiff raises no challenge to the sufficiency of the procedures provided by the Public School Fair Dismissal Act, if complied with, to protect the property interest of Mississippi public school teachers in their entitlement to continued employment
 
 
 [2]
 Plaintiff's counsel acknowledged at oral argument that the plaintiff did not, in his original complaint, demand reinstatement and back-pay as a matter of state law. We intimate no view concerning the propriety of an amendment to the pleadings that would enable the court to determine these related issues in a single proceeding