ROBERTSON, Presiding Justice, for the Court:
Charles Jones has appealed from the decree of the Chancery Court of Benton County filed December 12, 1978, finding and adjudging that Jones was entitled to $8,037 damages because the Benton County Board of Education did not give him notice in writing of its intention not to renew his contract of employment as co-principal of the Old Salem School for the school .year July 1, 1975 to June 30, 1976.
*1382 The stipulation of facts (signed by the attorney for Charles Jones and by the attorney for Benton County School Board on December 11, 1978) was included in the abstract of the record, prepared by the attorney for Jones, and filed in this Court. According to the stipulation, Jones and the School Board agreed:
“That during the school term of 1975 and 1976 had Mr. Jones been employed, his contract salary together with all supplements would have been $14,050.00.
“That during the school year 1975-76, Mr. Jones was employed by the DeSoto County School System and during that period of time he earned a total of $7425.00.
“That the difference between what Mr. Jones would have been paid by the Benton County Board of Education for the school year 1975-76 and what he earned in DeSoto County amounted to $6625.00, plus agreed interest to date of $1,412.80 making total amount of $8,037.00.”
The decree of December 12, 1978, provides:
“The Court finds that a computation has been made of the difference between what Mr. Jones would have been paid by the Benton County Board of Education and what he earned in DeSoto County plus interest at the rate of eight per cent (8%) and that said amount totalled $8037.00 which the Court finds is the just compensation due Mr. Jones as entitled to under the renewal of the contract ordered by the Supreme Court.

“NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Complainant, Charles H. Jones be, and he is hereby awarded a judgment in the amount of $8037.00 with interest at the rate of 8% from the date of this Decree until paid. The Board of Education of Benton County, Mississippi, upon payment of said sum is hereby relieved of any further responsibility relative to the employment of Mr. Jones.”
Appellant has assigned as error:
1. The decision of the Chancery Court of Benton County, Mississippi, should be reversed because the Chancellor wrongfully considered earnings of Appellant in reduction or mitigation of damages and wrongfully limited the damages to the school year 1975-76.
This case first appeared before us as cause No. 49,979, styled “Charles Jones v. Benton County Board of Education ”. In an unpublished opinion deciding this case, this Court said:
“We have held in two cases that, (1) the notice required by the Public School Fair Dismissal Act is mandatory and (2) failure to give notice to a teacher by the date specified in the Act that he would not be rehired automatically renews his contract for the ensuing year at the compensation specified therein. McDonald v. East Jasper County School District, 351 So.2d 531 (Miss.1977); Jackson v. Board of Education of Oktibbeha County, 349 So.2d 550 (Miss.1977).
“Jones was not given the written notice required by the Act; therefore, his contract was automatically renewed for the ensuing year.”
The chancellor was correct in holding that Jones’ contract was automatically renewed for the ensuing year (1975-1976) only, in accordance with our holding in Jackson v. Board of Education of Oktibbeha County, 349 So.2d 550 (Miss.1977).
Jones next contends that “the Chancellor wrongfully considered earnings of appellant in reduction or mitigation of damages” because “mitigation of damages is an affirmative defense that must be alleged.”
In Grayson v. Brooks, Neely & Co., 64 Miss. 410, 1 So. 482 (1886), an action for breach of a written contract, this Court said:
“Matters in mitigation of damages merely should be given in evidence under the general issue, for by that plea the defendant puts upon the plaintiff not only the proof of his injury, but its extent. Hopple v. Higbee, 3 Zabriskie 343.” 64 Miss, at 417, 1 So. at 483. (Emphasis added).
This exact language was repeated and approved in Yazoo and Mississippi Valley *1383 Railroad Company v. Sultan, 106 Miss. 373, 386, 63 So. 672, 674 (1913).
In Pelican Trucking Co. v. Rossetti, 251 Miss. 37, 43, 167 So.2d 924, 927 (1964), a suit for damages to Rossetti’s automobile, this Court said: “One suing for damages is required to minimize his loss.” See also Bridges v. Land, 252 So.2d 209, 211 (Miss.1971) for a similar ruling in a breach of contract suit.
In view of the stipulation of facts signed and agreed to by both parties, on which stipulation the chancellor based his opinion and decree, we think that the chancellor was eminently correct in finding and adjudging that Jones suffered damages in the amount of $8,037, with interest at the rate of 8% per annum from December 12, 1978. The judgment of the lower court is, therefore, affirmed.
This ease was considered by a conference of the judges en banc.
AFFIRMED.
PATTERSON, C. J, SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.