483 So.2d 301 (1985)
NOXUBEE COUNTY BOARD OF EDUCATION
v.
Carolyn OVERTON.
No. 56246.
Supreme Court of Mississippi.
December 11, 1985.
Rehearing Denied February 26, 1986.
Dorothy Winston-Colom, Colom & Colom, Columbus, for appellant.
Kenneth Mayfield, Tupelo, for appellee.
Before PATTERSON, C.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal presents the question whether a minor procedural error in scheduling a non-reemployment hearing for a public school teacher had the effect of renewing automatically for the ensuing school year the teacher's contract. The chancery court sitting as a court of appeals answered in the affirmative. On the authority of Miss. Code Ann. § 37-9-113(4) (Supp. 1985), we reverse and reinstate the determination of the school board that the teacher not be reemployed.

*302 II.

A.
On April 8, 1983, in conformity with law, Carolyn Overton was notified that her teaching contract with the Noxubee County Board of Education would not be renewed. Miss. Code Ann. § 37-9-105(c) (Supp. 1985). For the three previous years Overton had been an elementary art teacher with the Noxubee County schools. By letter dated April 9, 1983, and received by Reecy L. Dickson, Noxubee County Superintendent of Education, on April 11, 1983, Overton requested a hearing before the Noxubee County Board of Education. Miss. Code Ann. § 37-9-109 (Supp. 1985). Superintendent Dickson responded with a letter dated May 13, 1983, scheduling a hearing before the Board on May 23, 1983. The reason given for the nonrenewal of Overton's contract was that such was necessitated by a falling average daily attendance in the Noxubee County schools which in turn resulted in a reduction in teacher units available within the school district.
The non-reemployment hearing was postponed on three separate occasions by mutual agreement. A hearing finally scheduled for July 28, 1983, did not take place because of a mix-up in giving notice to Overton's attorney of its time, date and place. The board of education attempted to treat this "mix-up" as a waiver of a hearing by Overton. This misplaced contention was dispatched by the Chancery Court of Noxubee County in an opinion released January 12, 1984, directing in essence that the Board of Education of Noxubee County grant Overton a non-reemployment hearing within the scope and contemplation of Miss. Code Ann. § 37-9-111 (1972) "without undue delay".
The ordered hearing was held before a properly designated hearing officer on January 31, 1984. The hearing officer made no findings or recommendation but delivered the entire transcript of the hearing to the Noxubee County Board of Education. On February 20, 1984, the Board formally and finally notified Overton that her contract would not be renewed. The Board set forth as reasons for Overton's non-reemployment that:
(2) Her only certificate was in elementary art education.
(3) Because of reduced enrollment, it became necessary to reduce the number of teachers employed by the School District.
(4) Ms. Overton was selected for non-renewal of her contract solely because the elementary school needed 15 certified elementary teachers and Ms. Overton was not so certified.
The board of education addressed the matter of the failure of the Superintendent to schedule a hearing within thirty (30) days of Overton's original request and in that regard found:
... through inadvertence or confusion, Mrs. Dickson failed to schedule the hearing within thirty (30) days of the request by Ms. Overton. However, Mrs. Dickson made a good faith attempt to comply with the law. Further, Ms. Overton subsequently requested delays in the hearing show that the timeliness of the hearing was not a critical matter; indeed, it shows that she suffered no prejudice from the delays.

B.
In due course thereafter, Overton perfected her appeal to the Chancery Court of Noxubee County, Mississippi. Miss. Code Ann. § 37-9-113(2) (Supp. 1985). On May 23, 1984, after the matter had been fully briefed by all parties, the chancery court, sitting as a court of appeals, reversed the decision of the board of education and ordered that Overton be reemployed. The chancery court based its ruling upon the failure of the board of education to afford Overton a hearing within thirty (30) days of the date of her request, citing Miss. Code Ann. § 37-9-111 (1972) and Jackson v. Board of Education of Oktibbeha County, 349 So.2d 550 (Miss. 1977). The chancery court held:
... That the failure of the School Board to schedule a hearing within the thirty days from the date requested by *303 the Plaintiff [Overton] was a violation of the mandatory dictates of the law, resulting in an automatic renewal of her contract for the 1983-1984 school year, including compensation specified therein.
The chancery court found no other deficiencies in the non-reemployment proceedings. Significantly, the chancery court held expressly:
... that the action of the School Board was not unlawful for the reason that it was: (a) not supported by any substantial evidence; (b) arbitrary or capricious; (c) in violation of some statutory or constitutional right of the Plaintiff [Overton].
The board of education has appealed to this Court asking that the chancery court's decision be reversed and that the board's decision be reinstated. We reverse.

III.
The sole question presented on this appeal is whether the admitted failure of the board of education to schedule a hearing regarding Overton's non-reemployment within thirty (30) days of the notice of her non-reemployment had the effect of an automatic renewal of her contract for the 1983-84 school year.
In considering the question presented, we regard it significant that Overton was given notice of non-reemployment on April 8, 1983, as required by law. Miss. Code Ann. § 37-9-105(c) (Supp. 1985). The purpose of this statutory notice requirement is to provide those teachers who are not to be reemployed for the ensuing year with reasonable advance notice of that fact so that they might seek employment elsewhere. Whether the teacher can persuade the superintendent of the school board to change its mind is another matter. The teacher has fair notice, and whether the teacher chooses to spend the immediately succeeding months seeking other employment or trying to obtain reemployment where he or she has been teaching, or both, is at the teacher's election.
By law each non-reemployed teacher has the right to a hearing during which the reason for his or her non-reemployment may be inquired into. Miss. Code Ann. § 37-9-109 (Supp. 1985). There is no time limitation within which this hearing should be requested. The law provides, however, that once the hearing is requested, it must be scheduled
not sooner than five (5) days nor later than thirty (30) days from the date of the request, unless otherwise agreed.
Miss. Code Ann. § 37-9-111(1).
To be sure, the board of education did not comply with the thirty (30) day hearing proviso of Section 37-9-111(1). That default, however, was effectively remedied by the chancery court's decision of January 12, 1984, and the hearing subsequently held on January 31, 1984. The only bases upon which Overton was entitled thereafter to appellate relief were those provided in Miss. Code Ann. § 37-9-113(3) (Supp. 1985) which provides:
The scope of review of the chancery court in such cases shall be limited to a review of the record made before the school board or hearing officer to determine if the action of the school board is unlawful for the reason that it was:
(a) Not supported by any substantial evidence;
(b) Arbitrary or capricious;
(c) In violation of some statutory or constitutional right of the employee.
Significantly, the statute expressly provides in Section 37-9-113(4) that:
No relief shall be granted based upon a court's finding of harmless error by the board in complying with the procedural requirements of sections 37-9-101 to 37-9-113. However, in the event that there is a finding of prejudicial error in the proceedings, the cause shall be remanded for a rehearing consistent with the findings of the court.
The thrust of the chancery court's decision directing Ms. Overton's reemployment is that there was a failure to comply with the thirty (30) day hearing provision of Section 37-9-111(1). We find inescapable, however, that this is a "harmless error by *304 the Board in complying with the procedural requirements of ... Section 37-9-111(1) ... [with respect to which] no relief ... [may] be granted... ." See Cox v. Thomas, 403 So.2d 135 (Miss. 1981).
Nothing in Jackson v. Board of Education of Oktibbeha County, 349 So.2d 550 (Miss. 1977) is to the contrary. In Jackson the teacher's contract ran from July to July of each year. In July of 1975 the board of education decided not to renew the program that Jackson had taught in and he was told that his job was eliminated on August 19, one month after the terms of his contract took effect. Clearly Jackson was not given the notice of non-reemployment on or before the April 8 deadline specified by law. Miss. Code Ann. § 37-9-105(c). Here, however, the problem is that the board of education was fourteen days tardy in scheduling the non-reemployment hearing (which was continued at Overton's request), an error which occurred after the teacher had been given timely notice of non-reemployment. Such an error is qualitatively different than that in Jackson where the teacher had no notice of non-reemployment until August 19 of the year in question.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.