# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00442-SCT

*LINDA CUBLEY*

*v.*

*THE UNIVERSITY OF SOUTHERN MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/11/97 |
| TRIAL JUDGE: | HON. JAMES H. C. THOMAS, JR. |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | GAIL D. NICHOLSON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  LEE PARTEE GORE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 06/04/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/25/98 |

**BEFORE PITTMAN, P.J., McRAE AND ROBERTS, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. Linda Cubley appeals from the Chancery Court of Forrest County, based on her appeal of a University of Southern Mississippi decision not to renew her contract as Director of the School for Children with Impaired Hearing (SCIH). Cubley claims that the University of Southern Mississippi is a school district pursuant to the School Employment Procedures Law and that she is entitled to a review of the University's decision. Finding that the University is not a school district, we reject Cubley's argument and affirm the chancellor below.

## I. PROCEDURAL BACKGROUND

¶2. On March 24, 1995, the faculty of the Department of Speech and Hearing Sciences at the University of Southern Mississippi voted against renewing the employment of Linda Cubley for the 1995-96 school year. Cubley was notified in writing of the decision on March 27, 1995. On March 28, 1995, Cubley requested a hearing pursuant to Miss. Code Ann. § 37-9-101, et. seq. (1996), the

School Employment Procedures Law, and requested written reasons and the factual basis for the decision not to rehire her for the upcoming year.

¶3. On April 4, 1995, Cubley was sent a letter providing the reasons for her non-renewal and the factual basis for the decision. A hearing officer, Moran Pope, was appointed and an administrative hearing was conducted on April 28, 1995. The hearing officer determined that the University acted properly and that the hearing process using the School Employment Procedures Law guidelines was fundamentally fair. Cubley appealed the University's decision not to rehire her to the Forrest County Chancery Court, sitting in its appellate capacity. Cubley based her appeal on Miss. Code Ann. § 37-9-113 (1996), which grants the right of judicial review to any employee of a school district aggrieved by a final decision of a school board.

¶4. Initially, the chancellor was uncertain whether the School Employment Procedures Law applied to Cubley's appeal. As a result, he ordered Cubley to supplement the record with rules, regulations, policies and standards adopted by the Department of Education for administration of the SCIH. He also ordered Cubley to provide documentary evidence and affidavits establishing who hired her, paid her salary, and/or provided her benefits.[1] Eventually, the Chancery Court of Forrest County ruled that Cubley failed to show that the Speech and Hearing Department of the University was a school board and that she did not show that she was an employee of a school district. As a result, the Chancery Court dismissed Cubley's appeal and held that she did not have standing to pursue the statutory right of appeal pursuant to Miss. Code Ann. § 37-9-113, since the University was not a public school district. Cubley subsequently filed her notice of appeal to this Court, presenting the following issue:

**THE UNIVERSITY OF SOUTHERN MISSISSIPPI SCHOOL DISTRICT IS A PUBLIC SCHOOL DISTRICT FOR PURPOSES OF THE SCHOOL EMPLOYMENT PROCEDURES ACT, MISS. CODE ANN. § 37-9-101, ET. SEQ.**

¶5. Practically speaking, the question is whether the University of Southern Mississippi, by performing tasks that a school board and school district would have performed under normal circumstances, has subjected itself to the jurisdiction of the School Employment Procedures Law, making it a school district and Cubley an employee for purposes of the statute. The question as to the merits of Cubley's claim of improper dismissal is not before this Court.

## II. FACTUAL BACKGROUND

¶6. Under the Department of Speech and Hearing Sciences at USM, the Mississippi Department of Education funds three Minimum Foundation Programs. The program at issue here is the School for Children with Impaired Hearing, which occupies space in the Speech and Hearing, Reading, and Special Education building at USM. The Minimum Foundation Programs are designed to provide services for area children who have various communication disorders and who come from districts where appropriate programs are not provided by local school districts. The programs also provide practical experience for USM students majoring in speech language pathology or audiology.

¶7. Cubley was the director and only teacher of the School for Children with Impaired Hearing at USM. SCIH is a discretionary program funded by the Mississippi Department of Education and administered by USM pursuant to Miss. Code Ann. § 37-23-31 (1996):

When five (5) or more children under twenty-one (21) years of age who because of deafness, aphasia, emotional disturbance and/or other low-incidence conditions, are unable to have their educational needs met in a regular public school program, and a special education program in their particular areas of exceptionality is not available in their respective local public school districts, a state-supported university or college shall be authorized and empowered, *in its discretion*, to provide a program of education, instruction and training to such children, provided that such program shall operate under rules, regulations, policies and standards adopted by the State Department of Education as provided for in Section 37-23-93. The opinion of a parent or guardian in regard to the provision of an appropriate special education program in or by their respective local public school district shall be considered before a placement decision is finalized. Parents shall have any and all rights as provided in the Individuals with Disabilities Education Act, including, but not limited to, the right to equal participation in their child's Individualized Education Program (IEP), the right to require review of their child's IEP, and the right to appeal an IEP Committee decision immediately.

Miss. Code Ann. § 37-23-31 (1)(1996)(emphasis added). According to the University, Cubley was employed by the University, not by a separate school district. She was paid by the University and applied for benefits available only to University employees, such as the 50% tuition remission for children of full-time employees of the University.

¶8. The University sent Cubley a letter notifying her that the faculty of the Department of Speech and Hearing Sciences, acting in the capacity of a school board, had considered the issue of SCIH and her continued employment as Director and voted against continuing her employment. Cubley requested a due process hearing under the School Employment Procedures Law, but Stephen Oshrin, Chair of the Speech and Hearing Department at USM, was not sure if the hearing should be before the school board (the faculty of the Department as described above) or before an independent hearing officer. Oshrin consulted University Counsel Lee Gore, who recommended that an outside hearing officer review the case.

¶9. At Cubley's due process hearing, Oshrin testified that "I think for administrative purposes the State Department of Education regards us as a school district," and "that for the administrative purposes of the Minimum Foundation Programs that I do act as a superintendent..." He further stated that his faculty acts as a school board. However, Oshrin had no idea where the policy originated. He testified that it was his understanding that as a district, it followed the statutes that control public school teachers. At the same time, however, Oshrin maintained that decisions about nonrenewal at USM depended on the tenure status of the individual. He also stated that he never followed state guidelines on issuing contracts to people like Cubley, having the board/faculty approve hiring of people like Cubley, or discharging people like Cubley.

¶10. G. David Huffman, Vice President for Academic Affairs at USM, stated that the certified teachers were university employees and that he was unaware that the University was a school district. Huffman asserted that if Cubley had been treated strictly as a university employee, it would have been as an at-will/staff employee and would not have required a contract. Under the University staff provisions, Cubley, as a staff employee, could have been given thirty days notice and then could have been terminated. After that, she would be entitled to appeal the decision.

¶11. Although the record before this Court has no actual documentation of his finding, the hearing officer determined that Cubley was terminated for good cause. There is nothing within the record to show that the hearing officer considered the question of proper jurisdiction under the School Employment Procedures Law.

### III. ANALYSIS

¶12. The legislative intent of the statute under which Cubley seeks relief is clear:

> It is the intent of the legislature to establish procedures for providing public school employees with notice of the reasons for not offering an employee a renewal of his contract, to provide an opportunity for the employee to present matters in extenuation or exculpation to enable the board to determine whether the recommendation of nonemployment is a proper employment decision and not contrary to law, and not to establish a system of tenure or require that all decisions of nonreemployment be based upon cause with respect to employment in the school district.

Miss. Code Ann. § 37-9-101 (1996). Additionally, the statute also defines "employee" as it is used.

> As used in sections 37-9-101 through 37-9-113 the word "employee" shall include any teacher, principal, superintendent elected by a board of trustees, and other professional personnel employed by any public school district of this state and required to have a valid certificate issued by the state department of education as a prerequisite of employment.

Miss. Code Ann. § 37-9-103 (1996). Cubley apparently is arguing that she was a teacher "employed by any public school district of this state" and that the University of Southern Mississippi (through the SCIH) was that school district. The thrust of the University's argument is that Cubley is not an "employee" under Miss. Code Ann. § 37-9-103 because the University is not a "public school district." The University argues that Cubley was not employed by any particular public school or public school district. Rather, she worked at the discretion of the University in a state-funded program.

¶13. This is the first time that this Court has confronted an issue of jurisdiction under the School Employment Procedures Law, namely whether the employing entity is part of a school district. Because Cubley was not a typical public school teacher, we are presented with a case of hybrid employment. She did not work for any of the established school districts, but she taught children of grade school age who could not be taught in other school districts around Mississippi. Interestingly enough, Cubley was not working under a contract at all, as is required for employees of public school districts. USM is an institution of higher learning and it apparently paid Cubley's salary. However, in administering the program, USM referred to the State Department of Education guidelines that usually applied to school districts. Further, when it decided not to renew Cubley's employment, the University referred to the School Employment Procedures Law to determine deadlines for notice of Cubley's nonrenewal. The application for approval of teacher units by the Department of Education even refers to the "USM Statewide Schools" as a "district."

¶14. It is clear that the program operates under the rules, regulations, policies and standards adopted by the State Department of Education. *See* Miss. Code Ann. § 37-23-33 (1996). That same statute

also makes clear that programs like SCIH could only be operated in State-supported colleges or universities that consented and provided classroom space, furniture and facilities necessary to administer the programs. *Id.* Likewise, the colleges or universities provide the employees to administer the programs.

¶15. Even though in administering the SCIH, the University exhibited some characteristics of a "school district," the University does not operate in the manner of other school districts and does not have the statutory powers that all other Mississippi public school districts have. For example, the University is not a political subdivision and is not named a "school district"(Miss. Code Ann. § 37-6-5 (1996)), it is not governed by a school board consisting of five (5) members, selected in the manner provided by law (Miss. Code Ann. § 37-6-7(1996)), and it does not have the power to levy taxes (Miss. Const., art. 8, § 206) or issue bonds (Miss. Code Ann. § 7-9-103 (a)(1991)). To be certain, if the University of Southern Mississippi is considered a school district for purposes of the School Employment Procedures Law, it could later argue that it should be treated as a school district for all purposes of the Mississippi Code.

¶16. Neither Cubley nor the University cites any precedent to support or refute the claim that the University is a school district. Cubley basically relies on the argument that the SCIH is administered under rules promulgated by the State Department of Education and that under Miss. Code Ann. § 37-19-1(g), the SCIH is a Minimum Education Program for a "school district." The University, just as sparingly, relies on its argument that the University is not a school district, but is under the management and control of the Board of Trustees of State Institutions of Higher Learning, and as such, Cubley is only an employee of the University.

¶17. This Court has previously held that under Miss. Code Ann. § 37-9-103, a teacher employed as a drug educational specialist for the purpose of conducting drug education classes in various county elementary and high schools, whose immediate supervisor was the county superintendent of education rather than a school principal, constituted an employee. *Jackson v. Board of Educ. of Oktibbeha County*, 349 So. 2d 550, 553 (Miss. 1977). In *Jackson*, however, this Court was not faced with the threshold question of whether the statute covered someone who worked for neither the principal, county superintendent of education, or county school board, all components of a regular school district. There is one statutory provision in which those persons employed pursuant to Miss. Code Ann. § 37-23-31 were treated the same as persons employed for regular school districts. For purposes of Miss. Code Ann. § 25-15-251 (a)(Supp. 1997), dealing with group health insurance for public employees, "'[e]mployee' means a person who works full time for any school district, community/junior college, public library or university-based program authorized under Section 37-23-31 for deaf, aphasic and emotionally disturbed children. . ."

¶18. Although Cubley provided for the hearing officer below some of the rules, regulations, policies, and standards adopted by the Mississippi State Department of Education for the program under review, it is not clear whether the chancellor below received the same information. It can be assumed that the chancellor had available whatever materials were presented to the hearing officer. However, in the record before this Court, there is no other documentary evidence of who hired Cubley, paid her salary, and provided her benefits. We only know for certain that the University did provide the classroom space, furniture and facilities to allow SCIH to operate.

¶19. Nonetheless, as noted by the chancellor below, the appellant presented no rule, regulation, policy or standard adopted by the State Department of Education to support her claim that she is entitled to relief pursuant to Miss. Code Ann. § 37-9-101. Although empowered to do so, the Legislature has not made an effort to declare through statute that for purposes of the School Employment Procedures Law, an employee should include people employed pursuant to Miss. Code Ann. § 37-23-31. Absent a legislative effort to broaden the scope of the School Employment Procedures Law, this Court reads that law to include only those employees of school districts, not those employees of programs authorized by the Legislature to provide education for deaf, aphasic and emotionally disturbed children.

## IV. CONCLUSION

¶20. Accordingly, we agree with the conclusion reached by the chancellor that, despite her burden to establish that she was an employee pursuant to Miss. Code Ann. §§ 37-9-101 et seq, Cubley failed to show that the University of Southern Mississippi was a school district or that she was an employee of a school district. As a matter of entitlement to relief under the School Employment Procedures Law, we find that the chancellor did not err in dismissing Cubley's appeal. Accordingly, the dismissal of Cubley's appeal for lack of jurisdiction is affirmed.

¶21. **JUDGMENT IS AFFIRMED**.

**PRATHER, C.J., PITTMAN, P.J., ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**


   **BANKS, JUSTICE, DISSENTING:**


¶22. I dissent.

¶23. Here, for all intents and purposes, the State Department of Education has treated the University of Southern Mississippi as it operates a program for exceptional children, as a school district. USM receives minimum foundation funds for this activity. The teachers in the program are subject to the certification requirement of the Department of Education. In terminating Cubley, USM accorded the procedural protections of the School Employment Procedures Law. In my view, USM is sufficiently a school district for the purposes of the activity in question to subject it to the School Employment Procedures Act. The litany of characteristics that USM does not share with an ordinary school district is, in my view, immaterial to the question here under consideration.

¶24. I would reverse the judgment of the chancellor dismissing this appeal for lack of jurisdiction.

**SULLIVAN, P.J., JOINS THIS OPINION.**

1. The record does not reflect that anything beside the transcript of the due process hearing and accompanying exhibits was presented to the chancellor.