LEE, J.,
for the court.
PROCEDURAL HISTORY
¶ 1. In August 2001, the appellee, Sam Blaylock, was suspended from his teaching position with the Aberdeen Municipal School District (school district). Blaylock also served as an assistant football coach, and his suspension was the result of the school district’s investigation into grade tampering for two football players.
¶ 2. At the next school board meeting, the board voted to terminate Blaylock, and Blaylock thereafter requested a hearing. The hearing was held in October 2001 at which time Blaylock and other witnesses testified in his behalf and for the school district. The hearing officer concluded that the evidence was sufficient to support the board’s decision, and the board thereafter declined to reverse its previous decision to terminate Blaylock. Blaylock thereafter appealed to the Monroe County Chancery Court which reversed the board’s decision and ordered Blaylock’s reinstatement with full pay and benefits. The school district now appeals the chancellor’s decision arguing that the chancellor erred in finding Blaylock’s due process rights were violated, that any procedural defects in the termination proceedings of Blaylock were harmlesá error, and that the chancellor erred by reinstating Blaylock to his previous position with the school district. As explained herein, we reverse and render.
FACTS
¶ 3. Sam Blaylock was an assistant football coach and teacher with the Aberdeen Municipal School District. Lee Doty was *957 the head football coach. In August 2001, superintendent Dr. Lavon Fluker-Reed learned of an alleged grade changing incident involving Blaylock and Doty and two academically ineligible football players. Fluker-Reed instructed the school principal to investigate further, and after doing so the principal reported back to Fluker-Reed that the allegations were true. Both Blaylock and Doty were suspended, and Fluker-Reed notified both coaches that at the next school board meeting she would be recommending their termination.
¶4. At the school board meeting, the board met in executive session. Before doing so, however, Blaylock admitted to the board that he had changed one student’s grade from failing to passing, but he had not changed the other student’s grade, as alleged. Three days later, the board convened again and voted to terminate Blaylock, but not Doty. Blaylock requested and was afforded a hearing, pursuant to the Mississippi School Employment Procedures Act.
¶ 5. Dolton MeAlpin presided over the hearing which took place on three occasions in September and October of 2001. Several witnesses testified for both parties, including Blaylock himself, who admitted to changing one student’s grade. In November 2001, MeAlpin reported to the school board his finding that the school administration had sustained its burden to prove by substantial evidence that Blay-lock was guilty of changing one student’s grade from failing to passing for the sole purpose of making him eligible to play football. In December 2001, the school board voted not to reverse its previous decision and upheld Blaylock’s termination.
¶ 6. Blaylock appealed to the Monroe County Chancery Court, and in July 2002, the chancellor found the board failed to comply with statute to afford Blaylock due process. The chancellor ordered Blay-lock’s reinstatement with full pay and benefits.
DISCUSSION OF THE ISSUES
¶ 7. This case involves the termination of a school employee and subsequent review procedures. Initially, we note that Miss. Code Ann. § 37-9-111 (Rev.2001), governs the process by which a terminated employee may seek review of the proceedings. Upon request from an employee, the school board may notify the employee of a hearing which will be set not sooner than five days nor later than thirty days from the date of the request, unless otherwise agreed. Id. The hearing shall take place before the board or before a hearing officer appointed for such purpose by the board. Id. Both the district and the employee shall present evidence either in written form or through witnesses at the hearing. Id. The board or hearing officer will review the evidence presented and conclude whether the proposed nonreem-ployment is a proper employment decision based upon a valid educational reason or noncompliance with school district personnel policies. Id. The employee shall be notified in writing of the decision. Id.
¶ 8. Upon compliance with Miss. Code Ann. § 37-9-111, an aggrieved employee may seek review by the chancery court.
(3) The scope of review of the chancery court in such cases shall be limited to a review of the record made before the school board ... to determine if the action of the school board is unlawful for the reason that it was:
(a) Not supported by any substantial evidence;
(b) Arbitrary or capricious; or
(c) In violation of some statutory or constitutional right of the employee.
*958 (4) No relief shall be granted based upon a court’s finding of harmless error by the board in complying with the procedural requirements of sections 37-9-101 to 37-9-113. However, in the event that there is a finding of prejudicial error in the proceedings, the cause shall be remanded for a rehearing consistent with the findings of the court.
Miss.Code Ann. § 37-9-113 (Rev.2001). After review by the chancery court, the aggrieved employee may appeal to the supreme court, at which time our standard of review is the same as with the chancery, court review. Harris v. Canton Pub. School Bd. of Educ., 655 So.2d 898, 901 (Miss.1995).
I. DID THE CHANCELLOR ERR IN FINDING THAT THE ABERDEEN MUNICIPAL SCHOOL DISTRICT VIOLATED THE PROCEDURAL DUE PROCESS RIGHTS OF SAM BLAYLOCK?
¶ 9. The school district argues that the chancellor erred in finding Blaylock was denied procedural due process. The school district relies on Spradlin v. Board of Trustees of Pascagoula Municipal Separate School District, 515 So.2d 893 (Miss.1987), for authority.
¶ 10. In Spradlin, the employee, Sprad-lin, violated school policy in purchasing encyclopedias without prior approval from his superiors or from the school board. Spradlin, 515 So.2d at 895. The superintendent issued a private written reprimand to Spradlin, warning that if he ever again failed to follow procedure he would be terminated. Id. at 896. At the next board meeting, the superintendent told the board of Spradlin’s deceptive actions, and then the superintendent resigned. Id. The board subsequently began its own investigation into Spradlin’s actions and notified Spradlin of his right to a public hearing. Id. at 896-97. After the hearing the school board found that Spradlin’s actions violated law and school board policy and, therefore, terminated his employment. Id. at 896. Spradlin appealed, arguing that his due process rights had been violated because the school board had already determined to dismiss him when he was informed of his right to a public hearing. Id. at 898. The chancery court affirmed the school board’s decision, and the supreme court affirmed the finding that Spradlin’s due process rights were not violated. Id. at 894, 897.
¶ 11. We find the present case distinguishable from Spradlin. In Spradlin, the employee argued not that the statute had not been complied with, but that he had not been given a fair and impartial hearing since the board had pre-deter-mined to terminate-him before the hearing. Id. at 898: In the present case, Blaylock does not allege he was not afforded a fair hearing, rather, he argues that he was not afforded due process because the timing of his notice of receipt of the hearing did not comport with statute. Also, in Spradlin, before the decision to terminate Spradlin was made final, he was informed of his right to a hearing, which he requested. In the present case, the board voted to terminate Blaylock before he was given notice of his right to a hearing.
¶ 12. We recognize the purpose for notice statutes is to apprise the aggrieved employee of his right to hearing and to allow him opportunity to prepare a defense. In this case, the school board sidestepped statutory rules in failing to properly notify Blaylock of his right to a hearing. However, Blaylock testified and admitted to the wrongdoing, he admits that had he been given notice pursuant to statute that his defense would not have been any different, and our reversal and remand to order a proper hearing in comport with statute would have no different *959 effect on Blaylock’s preparation of his defense.
¶ 13. In Noxubee County Board of Education v. Overton, 483 So.2d 301, 302 (Miss.1985), the school board notified the teacher that her contract would not be renewed, but failed to provide her a hearing within thirty days of her request as required by statute. Overton appealed to the chancery court which reversed the school board’s decision, finding that the board’s failure to provide Overton a timely hearing was, “a violation of the mandatory dictates of the law,” which resulted in automatic renewal of her contract. Id. at 303. The supreme court reversed the chancellor and stated:
The thrust of the chancery court’s decision directing Ms. Overton’s reemployment is that there was a failure to comply with the thirty (30) day hearing provision of Section 37-9-111(1). We find inescapable, however, that this is a “harmless error by the Board in complying with the procedural requirements of ... Section 87-9-111(1) ... [with respect to which] no relief ... [may] be granted....”
Id. at 303-04 (emphasis added).
¶ 14. As cited previously, part (4) of section 37-9-113 of the Mississippi Code Annotated provides that the court will not grant relief if harmless error results in the board’s failure to comply with procedural requirements. However, if prejudicial effect results, the cause will be reversed and remanded for rehearing. Id. Here, the board did fail to comply with statute; however, as also occurred in Overton, since no prejudicial effect has resulted from the board’s deviation from statute, we reverse and render.
¶ 15. We caution that we are in no way mandating that future school boards may intentionally bypass statutes when they can show no prejudicial effect would result. In this unique situation, nonetheless, we find that reversal is warranted as the chancellor’s decision rested on the procedural misstep of the board without consideration as to the lack of prejudice Blaylock suffered.
¶ 16. THE JUDGMENT OF THE MONROE COUNTY CHANCERY COURT IS REVERSED AND RENDERED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING P.J., BRIDGES, THOMAS, IRVING, MYERS AND GRIFFIS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY. CHANDLER, J., NOT PARTICIPATING.