■ ALLAN U. SOBOL, Doing Business as ALLAN SOBOL REALTY, Appellant, v NEW YORK STATE ASSOCIATION OF REALTORS, INC., et al., Respondents. [652 NYS2d 862] —Spain, J. Appeals (1) from an order of the Supreme Court (Dawson, J.), entered January 2, 1996 in Essex County, which, *inter alia*, granted defendants' cross motions for summary judgment dismissing the complaint, and (2) from an order of said court, entered March 7, 1996 in Essex county, which, upon renewal, adhered to its prior decision.

In June 1993 an ethics complaint was filed with the Clinton County Board of Realtors (hereinafter CCBR) against plaintiff, an authorized and licensed real estate broker, by Walter Barton. The ethics complaint alleged numerous violations of the National Association of Realtors Code of Ethics (hereinafter Code of Ethics). Thereafter the CCBR referred the matter to defendant New York State Association of Realtors (hereinafter NYSAR) for a hearing. In October 1993 the Grievance Committee of NYSAR, which consisted of defendants Matthew Iudice and Joan Isgro, found that the ethics complaint as presented could constitute a violation of the Code of Ethics and referred the matter to NYSAR's Professional Standards Committee for resolution. An Ethics Hearing Panel of the Professional Stan-

dards Committee (hereinafter the Panel) was assigned to plaintiff's alleged ethics violation and a hearing was scheduled. The Panel consisted of defendants Gregory Connors, Victoria Gettings and Virginia Peo. Defendants Patrick Reilly, secretary of NYSAR, and Michael Wallender, legal counsel of NYSAR, were present at the hearing but did not participate in the decision making. After the hearing, the Panel found that plaintiff, by preparing and offering for signature a lease agreement for real property, had engaged in the unauthorized practice of law in violation of article 17 of the Code of Ethics. The Panel's decision was distributed to plaintiff, Barton, Wallender and a copy was retained by Reilly for NYSAR's files.

In March 1995, plaintiff commenced this action against defendants to recover damages for defamatory statements allegedly made by defendants as contained in the Panel's decision. Plaintiff alleges that the distribution of the Panel's decision, which found that plaintiff had engaged in the unauthorized practice of law, to the aforementioned persons was a publication of libelous per se documents. Subsequently plaintiff moved for summary judgment; in response, defendants cross-moved for summary judgment dismissing the complaint. Supreme Court granted defendants' cross motion for summary judgment and dismissed the complaint. Plaintiff then moved for renewal. Supreme Court granted the motion but, upon renewal, adhered to its original decision to grant summary judgment in favor of defendants. Plaintiff now appeals both orders.

We affirm. Plaintiff acknowledges that a qualified privilege applies in this case; however, he contends that in response to defendants' cross motion he submitted sufficient evidentiary proof of malice to create a triable issue of fact, thereby defeating defendants' entitlement to summary judgment. We disagree. New York law attributes a dual meaning to the term "malice" in the libel context, recognizing that either the common-law meaning or the constitutional standard are sufficient to defeat a qualified privilege (see, *Liberman v Gelstein*, 80 NY2d 429, 438). Under the common law, malice meant spite or ill will (*supra*, at 437; *Stillman v Ford*, 22 NY2d 48, 53). The US Supreme Court established that "actual malice", as interpreted in the 1st Amendment context, means knowledge that the statement was false or a "reckless disregard of whether it was false or not" (*New York Times Co. v Sullivan*, 376 US 254, 279-280; see, *Liberman v Gelstein*, *supra*, at 438).

Here, plaintiff's contention that Barton was persuaded and misled into filing an ethics complaint and was later coerced into following through with the complaint process even after

he voluntarily chose to withdraw from same is unpersuasive. The record reveals that CCBR transferred the ethics complaint to the NYSAR because it was incapable of providing an impartial panel for a hearing. Therefore, any malice or ill will that may be attributed to the CCBR, which is not a defendant in this case, may not be attributed to defendants. Further, Wallender's efforts in persuading Barton to follow through with the complaint process even after he voluntarily chose to withdraw from same does not constitute malice on the part of Wallender or any of the other defendants.

Next, we reject plaintiff's contention that defendants' failure to comply with the National Association of Realtors Code of Ethics and Arbitration Manual, which sets forth the specific procedural regulations for the resolution of complaints regarding alleged unethical conduct by its members, supports a conclusion that defendants engaged in conduct rising to the level of malice. Although malice may be proven by a showing of culpable recklessness or gross negligence, as such constitutes a wanton disregard for the rights of others (*see, Konowitz v Archway School*, 65 AD2d 752), in the instant matter plaintiff was afforded a hearing before the Panel where he had ample opportunity to present evidence, call witnesses and cross-examine witnesses. In light of the due process safeguards afforded plaintiff at the hearing, such action or lack of action on the part of defendants does not constitute culpable recklessness or gross negligence sufficient to establish a wanton disregard for plaintiff's rights.

Finally, it is our view that plaintiff did not set forth sufficient proof of malice on the part of defendants to defeat their motion for summary judgment. The Panel members stated that prior to the hearing they did not know plaintiff and were unfamiliar with his reputation; clearly, the record supports the conclusion that none of the Panel members were harboring any spite or ill will toward plaintiff which would constitute malicious intent in the writing or distribution of their decision.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, with costs.